### WOLMER L. MAMMEN v. VICTOR RAWITZER AND ANOTHER.[1]

April 2, 1931.

No. 28,259.

*A. S. Dowdall, Jr.* for appellant.
*Alf A. Sundeen,* for respondent.

[1]Reported in 235 N. W. 878.

176

OLSEN, J.

Appeal by defendant Lillian M. Reynolds from a judgment in municipal court.

■ Plaintiff sued to recover a balance of $300 and interest on an account for goods sold. The action was against Victor Rawitzer and Lillian M. Reynolds, copartners, formerly doing business as Rawitzer Awning Company, and Lillian M. Reynolds, now doing business as Rawitzer Awning Company. The complaint charged that on November 21, 1928, the defendants and each of them were indebted to the plaintiff in the sum of $356.16 on account for goods sold and delivered by plaintiff to defendants at defendants' special instance and request, at the agreed price and reasonable value of the sum stated, and that $56.16 thereof and no more had been paid. The answer of Lillian M. Reynolds, hereafter referred to as the defendant, was a general denial. Victor Rawitzer was not served with process and is not a party to the suit.

A bill of particulars was furnished showing the items of charges commencing on June 19, 1928, and ending October 9, 1928. Payments were credited commencing July 12, 1928, and ending November 22, 1928, leaving a balance of $300 unpaid. At the trial defendant admitted the correctness of the account but contended that she was never a partner with Rawitzer in the business or liable for this account either as partner or otherwise.

The trial court found as facts that on August 7, 1928, the defendant purchased the business of the Rawitzer Awning Company and since then has continued as sole proprietor thereof; that she continued the account with plaintiff and assumed and agreed to pay it and that she paid $456.16 thereon from August 17 to November 23, 1928. The court further found that between August 7 and October 9, 1928, defendant purchased goods from plaintiff of the value and agreed price of $314.11, of which only $14.11 has been paid. If either of these findings is sustained by the evidence the plaintiff was entitled to recover.

Without attempting to set out the evidence at length, we conclude that it reasonably sustains the findings. From the contract

entered into between defendant and Victor Rawitzer on August 7, 1928, providing among other things that the business should be conducted under the firm name of Rawitzer Awning Company, with defendant as owner and proprietor, and the manner in which defendant did thereafter conduct the business, with sole control of all its funds and expenditures, and the manner in which she made payments on plaintiff's account without condition or restriction, the court could reasonably infer and find that she was the owner of the business and that she took over and agreed to pay plaintiff's account. That is not saying that the court could not have found differently, but it is not for us to make findings or to set aside findings reasonably sustained by the evidence. It is true that the agreement mentioned was temporary and subject to future adjustment, but no change therein was made during the time here in question.

The finding that the goods unpaid for were purchased by defendant also is sufficiently sustained. The evidence would sustain findings that she was a partner. Whether a partner or proprietor, she would, under the evidence presented, be liable to plaintiff for goods purchased after August 7, 1928, up to the time this account ended.

The defendant contends here that the findings of fact and conclusions of law are not responsive to the issues presented by the pleadings or in accordance with the evidence at the trial and that the findings are at variance with the theory upon which the case was tried. As already noted, the complaint is broad enough to sustain recovery against either or both defendants therein named. No question was raised at the trial as to any variance from the complaint. The question litigated was whether defendant was liable on the account, and we find no departure or variance by the findings from the issues presented by the pleadings and evidence.

Judgment affirmed.