## JOSEPH THOMPSON v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.[1]

February 7, 1936.

No. 30,572.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for appellant.

*McMeekin & Quinn,* for respondent.

[1]Reported in 265 N. W. 28.

DEVANEY, CHIEF JUSTICE.

Action brought by Joseph Thompson, respondent, surviving husband of Alma M. Thompson, on an insurance policy issued on the life of Alma M. Thompson.

Alma M. Thompson, in February, 1932, after being solicited in her home by a representative of the defendant, applied to the defendant insurance company for a policy of insurance in the sum of $500 on her life. She was at that time 31 years of age. A policy was issued by the defendant on February 27, 1932. The policy was issued without medical examination and provided among other things as follows:

"Preliminary Provision—This policy shall not take effect if on the date hereof the Insured be not in sound health, but in such event the premium or premiums paid hereon, if any, shall be returned."

Mrs. Thompson died on October 24, 1932, and thereafter plaintiff filed claim under this policy, which claim defendant denied, and action was instituted for recovery of the amount thereof. Defendant contended that the insured was not in sound health at the time of the issuance of the policy and that statements made by her in the application for the policy were "wilfully false and intentionally misleading." The application was not attached to or indorsed upon the policy.

The case came to trial, and the trial court refused to submit to the jury the question whether the statements made by the insured in her application were wilfully false and intentionally misleading on the ground that the application was not attached to the policy as required by the terms of said policy, but submitted the case on the theory that plaintiff could not recover if the insured was not in sound health at the time of the issuance of the policy.

The jury returned a verdict for the plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant prosecutes this appeal.

Three questions are presented:

374

(1) Can defendant avail itself of the defense that statements made by the insured were wilfully false and intentionally misleading where the application is not attached to the insurance policy?

(2) Can defendant avail itself of the defense that the preliminary provision as to sound health is a condition precedent to its liability?

(3) Did the plaintiff voluntarily litigate the question as to sound health?

■ The terms of the policy involved in this case provide that no statement should avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application and unless a copy of such application be indorsed upon or attached to a policy when issued. The application in this case not having been attached or indorsed on the policy, this defense clearly is not available to the defendant, and the trial court did not err in refusing to submit that question to the jury.

■ We hold that the defendant insurance company cannot assert breach of the preliminary provision as to sound health as a defense to liability under this policy. Nonmedical examination life insurance policies have been before this court on several occasions. In Schmidt v. Prudential Ins. Co. 190 Minn. 239, 251 N. W. 683, this court held that 1 Mason Minn. St. 1927, § 3396, which provides for avoidance of insurance policies issued without medical examination only if statements made in the application therefor are wilfully false or intentionally misleading, could not be circumvented by the insurer by the insertion in the policy of a condition that the policy will not take effect unless the insured is in sound health at the date of the issuance thereof. The court there definitely settled the question that such a preliminary provision must yield to the provision in § 3396, and that the effect of the statute cannot be avoided by the insertion of a condition precedent which would frustrate the plain intent of the statute that the policy could not be avoided unless the statements made were wilfully false or intentionally misleading. The question was discussed fully therein, and to dwell upon it further here would be needless repetition.

Neither will the fact that the defendant insurance company failed to attach the application on the policy here involved circum-

vent the provision of said statute. It seems clear that if the condition precedent contained in the preliminary provision is invalid as in violation of public policy where the application is attached to the insurance policy, as was pointed out in the Schmidt case, 190 Minn. 239, 251 N. W. 683, it is equally so where the application is not attached. Plaintiff was entitled to a directed verdict on his motion therefor.

■ There is no basis for the claim that the plaintiff voluntarily litigated the question as to whether the insured was in sound health and adopted that theory in his cause of action. It appears in the record that plaintiff at the commencement of the trial objected to the introduction of any evidence on the part of the defendant and moved for judgment upon the pleadings when defendant's counsel admitted that the application for the policy was not attached. Plaintiff also moved for a directed verdict at the close of defendant's testimony on the ground that the defense of breach of the preliminary provision was not available to the defendant. Again, at the conclusion of the court's charge, plaintiff objected to the charge on the ground that the question of sound health was submitted to the jury and that said defense was not available. Defendant's contention that plaintiff voluntarily litigated this question or adopted this theory of the case is entirely without merit.

In view of our decision, it is unnecessary to proceed to a consideration of the question whether it was error to refuse to admit medical testimony on the ground of privilege.

We conclude that the order appealed from must be affirmed.

So ordered.

I. M. OLSEN, JUSTICE, took no part in the consideration or decision of this case.