## FRED A. KUEPPERS v. METROPOLITAN LIFE INSURANCE COMPANY.[1]

February 19, 1937.

No. 30,945.

*Snyder, Gale & Richards,* for appellant.
*Leo A. Reuther,* for respondent.

HOLT, JUSTICE.

The policy in suit is the ordinary industrial life insurance policy issued without a medical examination. There was a verdict for plaintiff, upon which judgment has been rendered for $500.46, from which defendant appeals.

An agent of defendant solicited Fortino Ferro, a minor becoming 20 years of age at his next birthday, to insure his life with defendant. The solicitation was in the presence of his parents. He accepted, and the policy was issued to him February 12, 1934, for $452, at the weekly premium of 20 cents. The premiums were paid each week until his death, September 17, 1934. The answer admitted the issuing of the policy, the payment of the weekly premiums,

[1]Reported in 271 N. W. 453.

the insured's death, and tendered judgment for $6.80, the total amount of the premiums paid. It also set out these provisions of the policy:

"If, (1) the Insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the Insured * * * has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, * * * unless such medical attention or previous disease is specifically recited in the 'Space for Endorsements' on page 4 in a waiver signed by the Secretary; * * * then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy, except in the case of fraud, in which case all premiums will be forfeited to the Company."

Also this:

"This Policy constitutes the entire agreement between the Company and the Insured and the holder and the owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the Company evidenced by the signature of its President or Secretary."

And then the answer avers that the insured was not in sound health at the date of the policy and had not been for seven years before, but was sick all the time from a serious disease, *viz.*: tuberculosis; and that contrary to the conditions of the policy, the insured had within two years prior to its date been attended by a physician for said serious illness, neither of which conditions was specifically recited or excepted in the space for indorsements in the policy.

The reply admitted that the insured for the last few years was not in good health and alleged that the defendant's agent, when he solicited the insurance, was informed that the insured was not in good health, and of the nature of the illness to the best of the insured's knowledge and belief, and that the agent of the defendant

was fully informed of the insured's physical condition and that no false or wilful misrepresentation in regard thereto was made by the insured or by his parents, the beneficiaries. The court charged the jury that the undisputed evidence conclusively showed that at the time the policy was issued and for some time prior thereto the insured had been afflicted with a serious illness—some form of tuberculosis, which caused his death. 1 Mason Minn. St. 1927, § 3396, was then given to the jury as applicable law to this sole issue submitted: Did the insured or his parents, the beneficiaries, fail to disclose at the time the insurance was solicited and accepted, his physical condition, his affliction, and, if there was such failure, then, if it was wilfully false or intentionally misleading, the verdict should be for defendant, otherwise for plaintiff for the full amount of the insurance.

The assignments of error go only to the question whether the court erred in refusing to order judgment for plaintiff for only $6.80 or for defendant notwithstanding the verdict. Proper motions for directed verdicts were made at the trial by defendant. Defendant contends that, since there was no written application for this insurance policy, the statute applicable to the verbal statements and representations was § 3370 and not § 3396, even though by the terms of the latter it relates to policies issued without medical examinations. And further, there being no written application, there is nothing to prevent this condition of the policy taking effect, that it is void if the insured is in unsound health at the date of its issue, or if he, within two years before the date thereof, has been attended by a physician for a serious disease. Section 3396 reads:

"In any claim upon a policy issued in this state without previous medical examination, or without the knowledge or consent of the insured, or, in case of a minor, without the consent of his parent, guardian, or other person having his legal custody, the statements made in the application as to the age, physical condition, and family history of the insured shall be valid and binding upon the company, unless wilfully false or intentionally misleading. * * *"

Had there been a written application attached to this policy containing the statements the insured and his parents made, as testified to by the latter, there could be no doubt, under our decisions, of the application of § 3396 thereto. The insurer should not stand in a better position by issuing a policy upon an oral application giving the necessary or requested information than by issuing a policy upon a written application containing the same information. That some information was sought by defendant is disclosed by the policy, for it states that the insured would be 20 years old upon his next birthday. And the testimony of his parents is that his physical condition was truly disclosed; that he had had treatments by physicians for his neck glands; and that he had stayed for periods at a hospital to be cured of his illness. The jury could find from the testimony, despite the denial of the agents of defendant, that in applying for and accepting this policy the insured stated his physical condition truly and did not wilfully falsify or intentionally mislead defendant in respect to his health. Defendant, accepting the risk with full knowledge of conditions, is not in position to repudiate the policy. It perhaps should also be noted that the condition in the policy is not that it shall not take effect if the insured is not in sound health at the date thereof, but that defendant may, in such case, declare the policy void and have recovery limited to the amounts of the premiums paid. We have so recently and fully dealt with statements in respect to physical conditions made in written applications for insurance where there is no medical examination previous to the issuance of the policy that no more is needed than a citation to the cases. (The same law should apply to verbal applications.) Enge v. John Hancock Mut. L. Ins. Co. 183 Minn. 177, 236 N. W. 207; Hafner v. Prudential Ins. Co. 188 Minn. 481, 247 N. W. 576; Elness v. Prudential Ins. Co. 190 Minn. 169, 251 N. W. 183; Schmidt v. Prudential Ins. Co. 190 Minn. 239, 251 N. W. 683; Thompson v. Prudential Ins. Co. 196 Minn. 372, 265 N. W. 28.

The judgment is affirmed.

MR. JUSTICE STONE concurs in the result.