380        APPELLATE COURTS OF ILLINOIS.

Eaves v. Chicago, Burlington & Quincy R. Co., 200 Ill. App. 380.

## L. L. Eaves for use of R. O. Ahlenius, Appellant, v. Chicago, Burlington & Quincy Railroad Company et al., Appellees.

### Gen. No. 6,166.

1. ASSIGNMENTS, § 11*—*when approval by debtor not necessary.* A rule of the relief department of a railroad that an assignment of a claim of a member of such department cannot be legally made without the approval of the department superintendent is not a bar to an action based on an assignment.

2. ASSIGNMENTS, § 11*—*when acceptance of assignment of part of claim necessary.* An assignment of a part of a claim or demand is not legally binding upon the payor, unless such assignment is accepted by him.

3. ASSIGNMENTS, § 25*—*what are rights of assignee.* While under section 18 of the Practice Act (J. & A. ¶ 8555), the assignee of a claim or demand may sue in his own name to recover the amount due, his rights are otherwise no greater, thereunder, than they were at common law.

4. ASSIGNMENTS, § 11*—*when acceptance by debtor necessary.* A member of the relief department of a railroad *held* not entitled to recover for the use of the assignee on an assignment, of part of his claim for injuries, which had not been accepted by the superintendent of the department.

Appeal from the Circuit Court of Knox county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the October term 1915. Affirmed. Opinion filed April 14, 1916.

R. D. ROBINSON, for appellant.

WILLIAMS, LAWRENCE, WELSH & GREEN, for appellees; J. A. CONNELL, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

It appears from the stipulation of facts, and the evidence introduced at the trial of this case, that L. L.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Eaves was an employee of the Chicago, Burlington & Quincy Railroad Company, and a member of the relief department of that company, which was organized and conducted for the purpose of establishing and managing a fund to pay certain sums to employees of the railroad company, who are members, in case of disability; payment to be made in accordance with the rules and regulations of the relief department; also to pay certain amounts, in the event of the death of members, to relatives, or to other beneficiaries designated by them, with the approval of the superintendent of the department.

The railroad company mentioned has charge and control of the relief department, and of the money which constitutes the fund from which payments are to be made. One of the rules and regulations of the relief department is that benefits payable on account of the disability of a member shall be payable only to such member, or in accordance with his written order, when approved by the superintendent or his legal representative.

Eaves was injured and disabled while in the service of the railroad company, and was therefore, as a member of the relief department, entitled to receive relief from the benefit fund referred to, first at the rate of $2 per day, from March 30 to March 31, 1909; and thereafter from June 1, 1909, to January 26, 1910, at the rate of $1 per day. On June 17, 1909, Eaves gave to the appellant R. O. Ahlenius, to whom he was indebted, an order on the relief department, which was as follows:

"June 17, 1909.

"To the Burlington Relief Association:

"Out of any money now due or hereafter becoming due me from you as relief, sick benefit, or otherwise under my contract with you, please pay to the order of R. O. Ahlenius the sum of $125.00 and charge the same to my account.

L. L. Eaves."

382    Appellate Courts of Illinois.

Eaves v. Chicago, Burlington & Quincy R. Co., 200 Ill. App. 380.

This order was mailed to the superintendent of the relief department on the same day that it was given, and received by the superintendent, who at once refused to honor the order or to approve it, and notified the appellant to that effect on the next day. It is contended by appellant that the order operates as an assignment of that part of Eaves' claim or demand against the relief department which was embraced in the order, namely, of $125 of the amount of sick benefits then due or thereafter to become due and payable to Eaves.

Appellee claims that under the rules of the relief department an assignment of the claim of a member of the relief department cannot legally be made without the approval of the department superintendent. We are of opinion that the rule in question is no legal bar to an assignment, but an assignment to become legally effective, without acceptance, must be for the whole of the claim of demand. (*Savage v. Gregg,* 150 Ill. 161.) The order in this case was for a portion only of the Eaves claim. It has been repeatedly held by our Supreme Court that the assignment of a part of a claim or demand is not legally binding upon the payor, unless such assignment is accepted by him.

In the case of *Chapman v. Shattuck,* where an attorney claimed an assignment of a part of his client's claim on an appeal bond for his fees, the Supreme Court clearly determines the point under discussion, and uses this language: "It is insisted that Burgess had such an interest in the subject matter of the suit, as to preclude the parties from compromising it without providing for the payment of the amount due him. If this position can be sustained, it must be on the ground that he was the equitable assignee of the chose in action, on which the suit was instituted. The doctrine is now well settled, that courts of law will recognize and protect the rights of the assignee of a chose

in action, whether the assignment be good at law, or in equity only.  *  *  *  A partial assignment, however, of a chose in action will not suffice to bring the case within the principle. The whole cause of action must be assigned. It was well remarked by Justice Story, in *Mandeville v. Welch,* 5 Wheaton, 277, that 'a creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments, by which it may be broken into payments.' '' (*Chapman v. Shattuck,* 8 Ill. [3 Gilm.] 49.)

And in the case of *Crosby v. Loop,* where a landlord had conveyed a part of the premises held by a tenant, and had given an order to the grantee, on the tenant, to pay to such grantee a portion of the rent, and the tenant declined to honor the order, and refused to accept or pay the same, the Supreme Court says: ''The drawing of the order in connection with the grant of the reversion did not amount to an assignment of two-thirds of the rent to the plaintiffs. The order was the single direction of a creditor to his debtor to pay a third person a certain sum out of a particular fund. The legal interest to any portion of the fund did not pass to the plaintiffs. If the order had included the whole of the rent reserved by the lease, it might have amounted to an equitable assignment of the fund, to recover which the plaintiffs could have sued in the name of the defendant; and perhaps they would have been compelled to use all reasonable diligence to obtain payment from the tenants, before they could have recourse against the defendant. But the present is a very different case. The whole of the debt was not embraced by the order, and Robinson & Co. were not bound to discharge it in fractions to different persons. The plaintiffs could not have maintained an action

against them in the name of the defendant. The principle that an entire contract cannot be apportioned, and performance enforced in fragments, would have presented an unsuperable bar to a recovery.'' (*Crosby v. Loop,* 13 Ill. 625.)

Under section 18 of the Practice Act (J. & A. ¶ 8555), the assignee of a claim or demand of this character may sue in his own name to recover the amount due, but the assignees' rights are otherwise no greater than or more extended under this statute than they were at common law. (*Ensign v. Illinois Cent. Ry. Co.,* 180 Ill. App. 382.)

We are of opinion, therefore, that inasmuch as the order in question did not include the whole of the Eaves claim or demand against the relief department of the Chicago, Burlington and Quincy Railroad Company, it was not legally binding upon the company, as an assignment, without the acceptance or approval of the department, and that the trial court did not err in finding for the defendant. The judgment should be affirmed.

*Affirmed.*