(127 So. 812)

**NATIONAL UNION FIRE INS. CO. v. GRIFFITH.**

**6 Div. 577.**

Supreme Court of Alabama.

April 17, 1930.

Ewing, Trawick & Clark, of Birmingham, for appellee.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

SAYRE, J.

Action by appellee against appellant on a policy of insurance whereby appellant insured one Ford automobile against loss by theft.

The first assignments of error argued by appellant's brief raise the question whether the court erred in admitting over defendant's objection the certificate or policy of insurance set out on pages 22 and 23 of the transcript. This "certificate" referred to "Open policy No. 400." The certificate contained the recital that "in consideration of and subject to all the stipulations and conditions contained in Open Policy numbered as above," etc. Plaintiff testified that nothing other than the certificate had been issued to him. Defendant's objection, on the ground that the plaintiff ought not to be permitted to introduce a part only of the contract of insurance, was overruled. The trial court appears to have taken the view that section 8371 of the Code operated to make the certificate the exclusive evidence of the contract between the parties, and hence that plaintiff was not under duty to introduce the policy, meaning the policy referred to in the certificate—as part of the contract—that the certificate was in law and fact the policy. We cannot say the court erred in this ruling. The statute seems to intend that the "policy issued" shall be the sole memorial of the contract of insurance. The fact that the evidence of contract issued to plaintiff was called a certificate makes no difference. By virtue

of the statute, according to which, indisputably, the parties entered into the contract, the certificate became the policy of insurance.

Appellant relies upon Alabama & Tennessee R. R. Co. v. Nabors, 37 Ala. 489. But that case was decided long before the statute, and, of course, can have no influence upon its interpretation, unless, indeed, the statute was enacted to change the rule of that case.

Nor does the decision in Alabama Fidelity & Casualty Co. v. Alabama Penny Savings Bank, 200 Ala. 337, 76 So. 103, help appellant's case on this point. Not only did the court in that case point out that the paper there alleged to have been a part of the policy in suit was a "statement," in fact, a representation, made in the application for insurance, but expressly put aside the question whether the statement was a part of the resulting contract of insurance as not being necessary to the decision of the case there under consideration. True, the court appears to have been of opinion that there was no difficulty in applying the statute and the rule of the Nabors Case, supra, to one and the same contract; but that opinion was not necessary to a decision, and the court, in effect, so ruled.

In Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175, 180, cited by appellant, it was said with reference to Sun Insurance Office v. Mitchell, 186 Ala. 420, 65 So. 143, also noted in appellant's brief, that the complaint in the last-named case counted on a parol contract of insurance, and that "under this decision [186 Ala. 420, 65 So. 143] a second class of exceptions to the statute [section 4579 of the Code of 1907, 8371 of the Code of 1923] was declared to exist, to wit, parol contracts of insurance, or agreements of insurance evidenced by binding books, slips, receipts, and memoranda for such insurance that do not fall within the class of contracts known as a policy of insurance"; but nothing of that is here in point.

■ Another objection taken in the brief against the certificate, or policy, allowed in evidence by the trial court, is that it indemnifies "Prior Motor Company, Inc., assured, and H. B. Griffith [plaintiff] Purchaser, against loss * * * by theft," and that the Prior Motor Company had not been made a party to the cause. It will suffice to say of this objection that it does not appear to have been taken in the trial court, and cannot, therefore, avail to put that court in error.

■ It appeared in evidence—the testimony of plaintiff—that for five or six months before the "loss" of the automobile it had been in the use and keeping of one Hughes, who during that time had paid installments due on the purchase money, that "he (Hughes) told him (plaintiff) that he had the car at the time it was stolen," and that he (Hughes) signed what purported to be a proof of loss "D. M. Hughes, Assured." On this state of the evidence charge 5 (assignment of error 23) should have been given to the jury. There was at least a scintilla of evidence that plaintiff had sold the automobile to Hughes—evidence affording an inference, the reasonableness of which was for jury decision, that plaintiff had parted with his property in the automobile, and therefore, at the time of the alleged "loss," if by theft, was not entitled to recover. Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222, 60 Am. Rep. 162.

■ For proof that the automobile had been stolen, plaintiff was allowed to testify, over defendant's objection, that in a conversation between Hughes and one Amos, who, it was possible to infer, acted for defendant in directing plaintiff how to prepare his proof of loss, Hughes had told Amos that the car had been stolen. This was hearsay, and should have been excluded on defendant's objection seasonably made. It had no such relation to the previous conversation about which defendant had inquired as to make it admissible as a part thereof. Moore v. Smith, 215 Ala. 592, 111 So. 918.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.