195 So. 460

**ALL STATES LIFE INS. CO. v. KELSO.**

3 Div. 823.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Granted April 9, 1940.

Calvin Poole, of Greenville, for appellant.

· Powell & Hamilton, of Greenville, for appellee.

PER CURIAM.

After a further and thorough attentive consideration of all of the points of decision involved, and presented in this case, on appeal, we have reached the conclusion that the opinion heretofore rendered and promulgated by this court on February 27, 1940, is erroneous and improvidently announced. As a consequence of this conclusion said opinion is withdrawn, held for naught, and the application for rehearing must be granted for the reasons stated in the following opinion, which is substituted as the decision in this case by the court.

This was an action in assumpsit on an insurance policy. From a judgment for plaintiff defendant appeals.

Appellee sued on a policy or certificate of insurance dated March 18, 1938, made to him by the appellant under a group policy of insurance, dated March 11, 1931, issued by it to the W. T. Smith Lumber Company.

The certificate recites that the life of appellee is insured for the sum of one thousand dollars payable to his wife, Exer Kelso, as beneficiary at his death while in the service of the Lumber Company during the continuance of the policy. Certain extracts from the group or master policy are set out in and made a part of the certificate. One of these is as follows:

"Individual Insurance Certificate

"The Insuring Company will issue to the Master Policyholder for delivery to each person insured hereby an individual certificate setting forth a statement as to the insurance protection enjoyed by the said person and to whom the insurance is payable, and the provisions thereof together with the Master Policy and the application therefor, and the individual application of the said insured persons if any shall constitute the contract· between the Company, the Master Policyholder, and such insured persons."

The application of the Lumber Company made a part of the master policy states, that the number of employees at the time was approximately nine hundred. It also provides: "All employees on the effective date hereof shall be insured for $1000.00. New employees shall become automatically insured for $1000.00 after thirty days." The master policy contains the following provision: "Additions to List Insured: The employer shall furnish the company monthly with the names and dates of employment of all new employees and the Company will insure effectively exactly thirty days after the date of employment, all such employees without evidence of insurability."

The master policy also contains a paragraph providing that, where at the termination of his employment the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation, etc., premiums being duly paid, his insurance shall remain in force during the continuance of disability for

three months from the date he ceased work and thereafter during the continuance of his disability and while the policy remains in force until the employer shall notify the Company to terminate the employee's insurance. This paragraph is no part of the certificate: "Nothing in this paragraph contained shall limit or extend the Permanent Total Disability Benefits to which an employee shall become entitled under the Certificate."

The certificate sued on contains the following provision for payment of permanent total disability benefits to the employee:

"Permanent Total Disability Benefits

"Six months after receipt at the home office of the Company of satisfactory evidence (1) that any insured employee, has while under age sixty, become totally disabled by bodily injuries or disease from engaging in any occupation for compensation or profit, and will be so disabled for life, and (2) that such employee has been continuously insured hereunder for at least one year immediately preceding the commencement of disability, or was eligible for insurance on the date of this policy and has been continuously insured from a date not more than three months thereafter to the commencement of disability, the Company will begin payment to such employee of a monthly income of $18 for each $1000 of insurance on the life of such employee. The monthly income will be in lieu of all other benefits provided in the policy, and will be continued during such disability until the amount of insurance in force on the life of the disabled employee when the disability commenced, with interest on the unpaid balance at a rate of 3½% per annum from the due date of the first payment, plus such excess interest as may be declared annually by the Company is exhausted.

"If the disabled employee dies after receipt by the Company of such evidence but before payments begin, the amount of insurance at the commencement of disability will be paid to the beneficiary; or, if the employee dies during the continuance of the instalment payments, the balance of the fund will be paid to the beneficiary."

The above quoted paragraphs relating to permanent total disability benefits are no part of the master policy. They appear in the certificates alone.

The foregoing extracts from the master policy, the application of the Lumber Company, and the certificates issued to appellee are the provisions of the insurance contract pertinent to the questions before the court for decision.

Rules of construction of insurance contracts are so well defined, extended discussion in this connection is unnecessary. Where the contract is susceptible of two constructions that favorable to assured will be adopted. The court must give effect to all policy provisions, "liberally construed in favor of the assured, but strictly against the insurer." Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 610, 98 So. 909; Volunteer State Life Ins. Co. v. Weaver, 232 Ala. 224, 225, 167 So. 268.

The master policy expressly provides that the provisions of the certificate, together with the master policy and the application therefor, shall constitute the contract between the Company, master policy holder and the person insured. In ascertaining the true meaning of the contract, these three instruments should be construed together. The master policy and the application of the Lumber Company expressly provide without discrimination for the insurance of new employees in sums similar to those in the employ of the company at the date of the master policy, stipulating that they shall be eligible for such insurance without evidence of insurability, the same to become effective thirty days after employment. The certificate issued to appellee provides for permanent total disability benefits without regard to his being an old or new employee. This is not in conflict with the master policy. Should there be conflict, the terms of the certificate would govern, because there was no contractual relation between appellant and appellee until he received the certificate. The certificate was issued March 18, 1938. Prior thereto no contract of insurance existed between them. Though dated March 11, 1931, the master policy did not become a part of the insurance contract between appellant and appellee until the issuance of the certificate March 18, 1938. As a part of the insurance contract its provisions became operative as of March 18, 1938.

The provisions for permanent total disability benefits appear exclusively in the certificate. It measures the rights of the parties as to this feature of the contract.

Any suit for the breach of this provision would have to be on the certificate as there is no such provision in the master policy. As to rights asserted in this suit the certificate issued to appellee is in substance a policy of insurance. It is the sole evidence received by appellee of his contract with appellant. As above stated, it is a policy of insurance. National Fire Ins. Co. v. Griffith, 221 Ala. 112, 127 So. 812.

The complaint in this case is in Code form. Its sufficiency was not questioned by demurrer.

Appellee's declaration on the certificate in Code form was sufficient. Sovereign Camp W. O. W. v. Gunn, 224 Ala. 444, 448, 140 So. 410; American Bankers' Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333.

The defendant interposed two pleas. The first was the general issue. Plea 2 sets up certain special matters of defense. Appellee's demurrer to this plea was sustained. The defense set up was available under the general issue. Error, if any, in sustaining the demurrer was without injury.

The cases of Poole v. Protective Life Insurance Company, 26 Ala.App. 161, 155 So. 631, and Page v. Prudential Life Ins. Co. of America, 231 Ala. 405, 165 So. 388, holding that the certificate issued to the insured under a master policy, was not a part of the contract of insurance for the reason, as there given, that the certificate was not mentioned as a part of the master policy contract, are not in point. In the instant case the provision in the individual certificate issued to employees is such as to make it a part of the entire contract between the parties as applied to the person to whom the certificate was issued.

The testimony of appellee and other witnesses as to his employment, its continuity and duration was material. Objections to its admission were properly overruled.

It was also permissible for appellee and wife to testify as to his inability to work. Objection to this testimony was without merit. Alabama Steel & Wire Co. v. Tallant, 165 Ala. 521, 534, 51 So. 835; Southern Ry. Co. v. Fisher, 199 Ala. 377, 388, 74 So. 580; Ex parte Corona Coal Company et al., 213 Ala. 554, 105 So. 718.

At the time of the trial appellee was 52 years of age. He had been an employee of the W. T. Smith Lumber Company for thirty years. This employment was continuous up to about the latter part of 1935. He was out two years, resuming his work with the company in the latter part of 1937.

While not necessary to the decision of this case, the undisputed testimony shows that appellee was an employe of the W. T. Smith Lumber Company on March 11, 1931, the date of the issuance of the master policy, and, therefore, eligible for insurance on that day.

The certificate issued to appellee provides for the payment of $18 per month in case of permanent total disability, if he had been continuously insured at least one year immediately preceding the commencement of disability or was eligible for insurance at the date of the policy and had been continuously insured from a date not more than three months thereafter to the commencement of disability.

Appellee reentered the employment of the Lumber Company in the latter part of December, 1937. From that time to August 26, 1938, he was in the continuous employ of the Lumber Company. At the time the certificate was issued, March 18, 1938, he had been in the employ of the company for more than thirty days. The master policy and the application attached to it provide that the new employee is eligible for insurance without evidence of insurability after he has been in the employ of the company thirty days. Appellee was, therefore, eligible for insurance on the date the certificate was issued. The evidence, without conflict, shows that he was continuously insured from the date of the certificate to the commencement of his disability in August, 1938.

Appellee was, therefore, entitled to the permanent disability benefits provided for in the certificate for the reason that the testimony shows without dispute he was eligible for insurance on March 18, 1938, the date the contract of insurance became effective between him and appellant, being the date of the issuance of the certificate, and was continuously insured from that date to the commencement of his disability. Under the facts disclosed by the record he became entitled to these benefits, although he had not been continuously insured for at least one year immediately preceding the commencement of his disability.

The testimony establishing appellee's permanent total disability entitling him to the benefits which appellant in the certificate agreed to pay was without conflict.

Under the undisputed evidence he was entitled to recover.

The action of the court below, overruling appellant's motion for a new trial and giving the general affirmative charge requested by appellee was free from error.

As stated hereinabove, the opinion heretofore rendered, in this case, is withdrawn, the application for rehearing is granted, and the judgment of the lower court is affirmed.

Application for rehearing granted.

Opinion substituted.

Affirmed.