105 So.2d 875

**G. R. WALKER**

v.

**Ernest YOUNG.**

**1 Div. 750.**

Court of Appeals of Alabama.

Oct. 7, 1958.

Graham H. Sullivan and Jerome P. Shinault, Mobile, for appellant.

Henderson F. Helt, Jr., Mobile, for appellee.

HARWOOD, Presiding Judge.

Suit below was in detinue, the plaintiff claiming of the defendant a 1949 Oldsmobile "98," with the value of its hire or use during its detention from 11 August 1956.

The jury returned a verdict in favor of the plaintiff, awarding the plaintiff the automobile, or its alternate value in the amount of $500, together with the sum of $400 for the hire or use of the automobile during its detention.

Judgment was entered pursuant to the verdict, and the defendant's motion for a new trial being overruled, an appeal was perfected to this court.

We will limit our review to the alleged errors specified and argued in appellant's brief.

Counsel for appellant first argues that the amount of damages fixed as the alternate value of the automobile, i. e., $500, is excessive and unsupported by the evidence, in that the plaintiff testified that he paid $450 for the automobile, and that its reasonable market value on the date of its detention was $450.

However it further appears that the appellee, (plaintiff) in the trial below, also introduced in evidence a bill of sale issued by the defendant at the time of sale in which it is recited that the purchase price of the automobile was $595.

The plaintiff also introduced a conditional sales contract between the plaintiff and defendant, made on the same day as was the bill of sale, in which the plaintiff below agreed to pay $840 for the automobile.

Clearly this evidence was sufficient to support the verdict of the jury fixing the alternate value of the automobile at $500.

Where there is evidence, which, if believed under the required rule, justified the verdict, a motion for a new trial is properly overruled. Verdicts are presumed to be correct and no ground of a new trial is more carefully examined, or more rigidly limited than that the verdict is against the evidence. It is recognized that when the trial court refuses as here, to grant a new trial, the presumption in favor of the verdict is strengthened. National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492. An appellate court must be impressed with the conclusion of a trial court in granting or refusing a motion for a new trial, and indulge a favorable presumption in its favor as to correctness. Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633.

Counsel for appellant next argues that the award of damages of $400 for the detention of the automobile is unsupported by the evidence in that there was no proof that such damages were reasonable, and no proof that the plaintiff *paid* such amount for the hire of another automobile.

The measure of damages in detinue is the specific property or its alternate value, together with the value of the use or hire during the wrongful detention. Louisville & N. R. Co. v. James, 204 Ala. 604, 86 So. 906; Louisville & Nashville R. Co. v. Johnson, 18 Ala.App. 691, 88 So. 925. There is no requirement that a plaintiff, in a detinue suit, prove that damages claimed for detention of the property have

been paid, for in the nature of things no such proof could be made since it is the wrongdoer who has possession. A claimant would hardly pay hire to such person wrongfully holding claimant's property.

Appellant in arguing that proof must be made that the plaintiff has *paid* the value of the use and hire of the detained automoblie relies upon Bates v. General Steel Tank Company, 36 Ala.App. 261, 55 So.2d 213. This case involved a claim for damages to an automobile. The plaintiff was a travelling salesman and claimed special damages for the cost of hiring another automobile to carry on his business. In such situation we held that there must be proof of the payment of such special damages, and that they were reasonable. Such doctrine, in so far as payment of the use and hire is concerned, cannot be applied to a claim for damages for use and hire in a detinue suit.

In connection with the proof of damages for the use and hire of the detained automobile in the present case, the record shows that the plaintiff testified that he was deprived of such use for 200 days. He further testified that he had driven automobiles for 18 years, and had had experience as to what would be a reasonable rental value of an automobile from 11 August 1956 (the date of the detention of the Oldsmobile) and that such reasonable rental would be $2 per day.

The above testimony was elicited without objection, the plaintiff was not cross examined upon it, nor did the defendant below offer any evidence tending to contradict it.

Such evidence furnished sufficient grounds as to the reasonableness of value of the use and hire of the Oldsmobile during its detention.

The appellant has also set forth in his brief propositions of law relative to erroneous oral instructions by a trial court. No argument relative to such propositions appear in the brief. The record also shows

that no exceptions were reserved to the court's charge in the proceedings. There is therefore nothing presented to us for review in this regard, since either the failure to reserve an exception, or failure to argue the point would preclude us in the matter.

Affirmed.