113 So.2d 530

### UNITED SECURITY LIFE INSURANCE COMPANY

v.

### H. L. WISENER.

5 Div. 553.

Court of Appeals of Alabama.

June 2, 1959.

Rehearing Denied June 23, 1959.

S. P. Keith, Jr., Birmingham, for appellant.

A. D. Redden, Tallassee, for appellee.

CATES, Judge.

United Security has appealed from a judgment for $1,000 on a hospital expense policy.

The policy dated August 1, 1955, provided Mr. Wisener with indemnity for expenses from sickness or disease according to a schedule, the pertinent part of which provides as follows:

a) Hospital room and board up to $6 a day;

b) Operating room up to $15;

c) Anesthesia, the regular and customary charge;

d) Laboratory service (various allowances for urine, tissue, blood and spinal fluid analyses) up to $11 total;

e) Medicines up to $15;

f) Surgical dressings, the regular and customary charge; and

g) Blood transfusions up to five at $5 each.

Also the surgical benefit involved here carried a limit of $150.

From May 15 to June 5, 1957, Mr. Wisener was in St. Margaret's Hospital, Montgomery, where he ran up a bill of $975.95. On May 27 Dr. Brannon Hubbard, Jr., took out part of Mr. Wisener's stomach to cure an ulcer. Mr. Wisener paid him $500.

United Security offered as its Exhibit 1 a proof of loss form which included statements by Dr. Hubbard and the hospital, together with an itemization of the charges paid by Mr. Wisener.

There was a plea asking for a setoff of $183.25 paid Mr. Wisener on account of ex-

penses incurred by him upon a former ulcer attack in November, 1956. The setoff was claimed under an allegation of fraud in applying for the policy, in that Mr. Wisener had a continuous ulcerated stomach condition that ran back to 1951.

United Security's evidence consisted of cross-examination, the testimony of Mrs. Julia Taylor, Administrator of the East Tallassee Community Hospital, and various papers, including Mr. Wisener's application.

In argument under Assignment No. 2 (verdict and judgment contrary to the evidence) United Security points out the policy definition of sickness, viz.:

> " 'SICKNESS' as used in this policy means sickness or disease contracted and commencing after this policy has been maintained in force for not less than thirty days after its date and causing loss commencing while this policy is in force, * * *".

To support the fraud theory, United Security put in evidence the original policy application which showed Wisener had answered "No" as to whether he had had a disease of the stomach.

However, the application was not made a part of the policy. The "Standard Provisions" of the policy include:

> "1. This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance. * * *
>
> "2. No statement made by the applicant not included herein shall avoid the policy or be used in any legal proceeding hereunder. * * *"

These contractual provisions make fraud in the instant application immaterial upon the issuance of the policy. Under the view taken in Pacific Mutual Life Ins. Co. v. Strange, 223 Ala. 226, 135 So. 477, the company has had time before acceptance of the application to investigate.

Hence, we need not refer to Code 1940, T. 28, §§ 6 and 75, nor to Act No. 193, approved July 16, 1953.

■ Moreover, since United Security relies on no statement of the insured expressed in the policy, then by the first sentence of Standard Provision 2, above, it has contracted itself out of fraud in the application as a defense. This is not contrary to public policy in Alabama, Pacific Mutual Life Ins. Co. v. Strange, supra. See a like provision in a performance and payment bond in Ohio Casualty Ins. Co. v. Colorado Portland Cement Co., 97 Colo. 541, 51 P.2d 591.

■ Assignment No. 3 as to the court's oral charge is not based on an exception made before the jury retired. To take up a question without the record showing a timely exception would deprive the trial judge of any chance to reconsider. Also, it would be contrary to uniform precedent. Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 117 So. 78; Lawler v. Hyde, 230 Ala. 467, 161 So. 523 (applying the rule where a local act abolished bills of exceptions); Henson v. State, 247 Ala. 125, 22 So.2d 905 (rule operates under 1943 General Act, Code 1940, Tit. 7, § 827(1) et seq., abolishing bills of exceptions); Walker v. Young, 39 Ala.App. 604, 105 So. 2d 875, 877 ("nothing * * * for review").

Assignments Nos. 4 through 7 claim error in refused charges all varyingly affirmative for United Security. What we have said above as to Assignment No. 2 applies here.

■ Assignment No. 8 refers to refused charge 5 (affirmative if the illness was contracted before the policy date). This theory was adequately covered by the oral charge. Assignment No. 9 relating to refused charge 7 (along similar lines and coupling the 1957 attack with the 1951 condition) was also covered by the court.

Assignment No. 10 as to refused charge 9 (as setoff if plaintiff acted fraudulently) is abstract under our view of the undisputed evidence that the policy was incontestable as to any statements of the insured not set forth in it. Assignment No. 11 is similarly covered.

In view of the refusal of charge 11 (that plaintiff's recovery should be determined under the policy), and appellant's asking for a new trial because of excessive damages, we consider the evidence only shows Mr. Wisener was entitled to:

| | | |
|---|---|---|
| a) | Room and board 21 days | $126.00 |
| b) | Operating room | 15.00 |
| c) | Anesthesia | 54.50 |
| d) | Medicines (pharmacy) | 15.00 |
| e) | Surgical dressings (supplies) | 87.55 |
| f) | Transfusions | 25.00 |
| | Subtotal | $323.05 |
| | Surgeon's fee | 150.00 |
| | | $473.05 |

Since the verdict is over and above the legally proved damages, the cause is affirmed upon condition that if the appellee, within thirty days from the date hereof, files a remittitur of all damages in excess of $473.05, with interest thereon from the date of claim (June 17, 1957), said judgment shall stand affirmed; otherwise to be reversed and remanded for new trial.

Affirmed conditionally.

## On Rehearing

United Security takes issue with our calculation of the amount due because it contends that Mr. Wisener's illness in 1956 continued and extended into the confinement of May 15–June 5, 1957. This contention would make items a) and d) wrong in amount because they do not go back to 1956. The same argument is made with respect to the surgeon's fee which we calculated from the 1957 treatment by Dr. Brannon Hubbard, Jr. United Security says that this should be reduced by $54 paid by the company to Dr. John R. Chapman for the 1956 illness.

There was evidence coming from Mr. Wisener's testimony that the two attacks were not a continuous illness. This was sufficient to support the verdict. George Washington Life Ins. Co. of Charleston, W. Va. v. Hutchcraft, Ky., 305 S.W.2d 764.

The other contention made on rehearing is that, since the policy uses the expression "surgical dressings," and the hospital confinement statement made out by St. Margaret's Hospital, which statement was put in evidence by the company, shows a charge to Mr. Wisener for "surgical supplies" of $87.55, there has been no proof for any expenditure for "surgical dressings."

Inasmuch as there are separate categories representing anesthesia, medicines, and transfusions, we think, from the record before us, the construction of surgical supplies as set forth in this "Proof of Loss" is sufficiently coextensive with "surgical dressings" as used in the policy: particularly since United Security undertook to present no evidence whatsoever to rebut or delimit the expression set forth in the "Proof of Loss" form furnished by it in blank and filled in and sent to it from the hospital.

Thus, in Blue Bird Cab Co. v. American Fidelity & Cas. Co., 219 N.C. 788, 15 S.E. 2d 295, the expression "surgical relief" in a liability policy was held to be flexible enough to include the employment of nurses; and in Olmstead v. Lamphier, 93 Conn. 20, 104 A. 488, 7 A.L.R. 542, the expression "surgical aid" in the Connecticut Workmen's Compensation Act was held to be broad enough to include prosthetic appliances, i. e., an artificial leg.

Accordingly, the application for rehearing is overruled.

Application overruled.