153 So.2d 246

**UNITED SECURITY LIFE INSURANCE COMPANY**

v.

**Isaiah HARDEN.**

**I Div. 90.**

Supreme Court of Alabama.

May 9, 1963.

S. P. Keith, Jr., Birmingham, for appellant.

J. Glenn Cobb, Jr., Mobile, for appellee.

LAWSON, Justice.

Appellee sued appellant on two insurance policies. One policy insured the lives of appellee and his wife. The other was a hospital benefits policy which covered appellee and his wife. Both policies became effective on September 1, 1959, and were issued under the "Brookley Group Insurance Plan," which insured some of the civilian employees at Brookley Air Force Base in or near Mobile.

Appellee's wife died in a hospital on or about October 13, 1959, while undergoing an operation for the removal of a fibroid tumor. This suit followed shortly thereafter.

■ Appellant defended on the ground that its action in issuing the policies was based on false representations concerning the state of the health of appellee's wife made by appellee in his application for insurance.

The application was not made a part of the policy, although the "Standard Provisions" of the policy include:

"1. This policy includes the endorsements and attached papers, if any, and does not contain the entire contract of insurance. * * *

"2. No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceeding hereunder. * * *"

These contractual provisions made misrepresentations in the application immaterial, since the application is not made a part of the policy. United Security Life Ins. Co. v. Wisener, 40 Ala.App. 350, 113 So.2d 530. See Thompson v. Prudential Ins. Co. of America, 196 Minn. 372, 265 N.W. 28.

■ The provisions of the policies or certificates issued to appellee under the master policy govern if there is a conflict between the master policy and the policies or certificates issued to appellee. All States Life Ins. Co. v. Kelso, 29 Ala.App. 310, 195 So. 460.

■ Reversible error is not made to appear in connection with the admission in evidence of the bill from the South Alabama Infirmary of Grove Hill, Alabama, which bill included the charges for hospitalization and doctors' fees. The bill was admitted under a stipulation of counsel to the effect that no objection was interposed thereto. The record shows in this connection the following:

"Mr. Keith: We previously stipulated we would make no objection to this. Under our stipulation as to the showing of Dr. Neal, we admit the bona fides of that bill."

■ The appellant insists that the verdict was excessive in the amount of $500 in that the appellee, Isaiah Harden, had executed an instrument wherein he assigned an interest in the policies to the extent of $500 to Hodges Funeral Chapel, Inc. We do not construe the instrument relied upon as being anything more than an agreement whereby Isaiah Harden contracted to pay over to Hodges Funeral Chapel the sum of $500 out of the proceeds due to him as beneficiary of the policies sued upon.

■ There was no acceptance of the assignment by the insurer. An assignment after loss to be legally effective without acceptance must be of the whole claim, for the assignment of a part of the claim is not legally binding upon the insurer, unless such assignment is accepted by it. An assignment of a part only of a claim under a policy which has matured by reason of loss sustained is void as to the insurer, in the absence of its consent to the assignment. Couch, Cyclopedia of Insurance Law, § 1459. See Eaves, for Use of Ahlenius v. Chicago, Burlington & Quincy Railroad Co., 200 Ill.App. 380; La Bonte v. Mutual Fire & Lightning Ins. Co., 75 Mont. 1, 241 P. 631; Pride v. Commercial Union Ins. Co.,

Ltd., 9 Ala.App. 334, 63 So. 803, cert. denied, 185 Ala. 672, 64 So. 1019.

The case of Lee v. Southern Life & Health Ins. Co., 19 Ala.App. 535, 98 So. 696, cited by the appellant, does not authorize the partial assignment. Royal Ins. Co., Ltd., v. Simon, 20 Del.Ch. 297, 174 A. 444, also cited by appellant, merely held that the holder of a partial assignment had the equitable right to a part of the fund when it was paid into court with a bill of interpleader.

We have considered the argued assignments of error which we think justify treatment here and are of the opinion that they are without merit. It follows that the judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.