PER CURIAM.
The appellant was convicted of murder in the first degree and sentenced to death in the Circuit Court in and for Leon County, Florida. Subsequently, under authority of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33. L.Ed. 346 (1972), the Supreme Court of Florida in Anderson v. State, 267 So.2d 8 (1972), reduced the appellant’s sentence from death to life imprisonment.
The appellant has raised two points in his appeal. His first argument concerns an oral confession given by the appellant to Captain Terry of the Leon County Sheriff’s Department and William Camper of the State Attorney’s office while the appellant was an inmate at Sing-Sing Prison in Ossining, New York. After a careful examination of the record it appears that the appellant was advised of his right to counsel and that he knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. Witnesses Terry and Camper testified that the incriminating statements which the appellant made at that time were freely given in conformity with the guidelines presented in Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966). While a room within the walls of a state prison would not appear to provide the most ideal atmosphere within which to conduct an interrogation, there is nothing in the record to indicate that procedural safeguards were ignored or that the confession should have been suppressed.
Appellant’s second point concerns the competency and sufficiency of evidence admitted at trial to prove a felony-murder charge. In addition to the evidence discussed above, there was eye-witness identification and circumstantial evidence presented which identified the appellant as a participant in the felony-murder. This competent and substantial evidence tended to support a verdict of guilt. Accordingly, the conviction, as previously modified by reduction of sentence, is affirmed.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.