Susan Hess appeals from a summary judgment granted to the defendant, Liberty National Life Insurance Company. We affirm.
On February 7, 1983, Jo Ann Gilliland applied for a life insurance policy through Dewayne Ray, an agent of Liberty National. Four days later, Liberty National sent a registered nurse to Ms. Gilliland's home to conduct a physical examination and complete a questionnaire regarding her medical history. In response to two questions regarding her history of mental and emotional problems, Ms. Gilliland indicated that she *Page 271 
had never suffered a mental or emotional disorder that required treatment. Liberty National issued a life insurance policy to Ms. Gilliland pursuant to her application and in reliance on the information contained in her medical questionnaire.
 Ms. Gilliland died August 10, 1984, approximately one year and a half after the Liberty National policy went into effect. The Liberty National claims manager, Thomas Adair, received notice of her death and obtained statements from her attending physicians. Adair discovered that Ms. Gilliland had been treated for mental problems by Dr. Benjamin F. Morton from 1973 to 1976; by Dr. Donald Silberman from 1976 to 1982; and by Dr. Roy Hart in 1984. Its inquiries subsequently revealed that she had been hospitalized on four different occasions for mental or emotional problems and had been diagnosed as having chronic undifferentiated schizophrenia. According to the testimony of Mr. Adair, Liberty National would not have underwritten the policy if these facts had been disclosed at the time the application was made. Liberty National refused the claim for benefits under the policy and refunded the premiums.
 The issue is whether the trial court erred in ruling on motion for summary judgment that there was no genuine issue of material fact. Rule 56, Ala.R.Civ.P. Misrepresentation by an insured in an application for an insurance contract is addressed in Ala. Code 1975, § 27-14-7. That section states, in pertinent part:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
 In Old Southern Life Ins. Co., Inc. v. Spann, 472 So.2d 987
(Ala. 1985), this Court applied § 27-14-7 to a case where an insured concealed her history of mental illness. The Court explained that an insurance company does not normally have a duty to inquire further into whether an insured has told the truth on her application. The Court held that the misrepresentation by the insured supplied a defense, under Ala. Code 1975, § 27-14-7, to a claim for payment on the policy.
 Similarly in National Savings Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala. 1982), this Court held that misrepresentation of an insured's health history on an insurance application is a reasonable basis on which to deny a claim. See also, Clark v. Alabama Farm Bureau Mutual Casualty Ins. Co., 465 So.2d 1135 (Ala.Civ.App. 1984).
 Hess contends that the Liberty National agent who sold the policy, Dewayne Ray, had notice of Ms. Gilliland's mental illness prior to her death and that it is, therefore, estopped to deny the claim. This contention is based on the allegation that Ray knew that Ms. Gilliland had been treated for her depression by Dr. Broadfoot, a therapist at the Mental Health Center in Guntersville. After a careful review of the record, we conclude that the circuit judge did not err in ruling that the contention is unsupported by the facts submitted; that contention is therefore without merit. The summary judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, JONES, BEATTY and HOUSTON, JJ., concur. *Page 272