**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

**State Farm General Insurance Company, Plaintiff–Appellant,**

v.

**William Wayne OLIVER and Patricia Katherine Oliver, Defendants–Appellees.**

No. 87–7372.

United States Court of Appeals, Eleventh Circuit.

Sept. 2, 1988.

John R. Benn, Florence, Ala., Michael B. Beers, Miller & Beers, Montgomery, Ala., for plaintiff-appellant.

Henry H. Self, Jr., Self & Bernauer, Florence, Ala., for defendants-appellees.

Before JOHNSON, Circuit Judge, HENDERSON *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

PER CURIAM:

State Farm General Insurance Company ("State Farm") appeals the order of the United States District Court for the Northern District of Alabama denying its motion for judgment notwithstanding the verdict and, in the alternative, new trial after a jury verdict in favor of William Wayne Oliver and Patricia Katherine Oliver in this diversity action. We affirm.

On July 18, 1984, the Cotton States Insurance Company cancelled the Olivers' homeowner's insurance policy because they had failed to make premium payments. Wayne Oliver then began to shop for another policy to insure his farm. On August 13, 1984, he applied to Farm Bureau for homeowner's insurance. This application contained the following question: "Has any company ever cancelled, rejected, declined to insure or renew any kind of insurance for applicant or anyone in the household?" Oliver answered this question affirmatively. Subsequently, Farm Bureau rejected the application.

Oliver next attempted to obtain insurance from State Farm. State Farm's

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

agent, Sam Cantrell, however, refused to write the policy without forwarding the application to the regional office. On September 20, 1984, the agent wrote to Oliver explaining that State Farm would not issue the policy because Oliver had been "cancelled by another company."

After learning that the Olivers' homeowner's insurance had been cancelled, the Federal Land Bank, the holder of the mortgage on the property, informed the Olivers that a new homeowner's policy was required to avoid default. In November, 1984, Wayne Oliver reapplied with State Farm through a different agent, Gus Garrard. Garrard read the application to Oliver, who is semi-literate, explained the questions to him and wrote down his answers. Oliver answered "no" to the following questions on the application:

> Has the applicant had any losses, insured or not, in the past three years (fire, crime, wind, etc.)?
>
> Has any insurer or agency cancelled or refused to issue or renew similar insurance to the named applicant or any household member within the past three years.

On November 16, 1984, State Farm issued the policy, which contains a paragraph crucial to the decision in this case: "If you or any other insured under this policy has *intentionally* concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss, this policy is void as to you and any other insured." (Emphasis added.)

A little more than two years before Oliver filed his application with Garrard, a fire destroyed a mobile home owned by him and his wife. During the trial, Oliver testified that Garrard told him that the question concerning "losses in the past three years" pertained only to homeowner's losses. Garrard's deposition testimony supports this account.

On March 21, 1986, the Olivers' home burned while it was unoccupied. Wayne Oliver was in the hospital and his wife was visiting with him at the time of the fire. After an examination of the property, State Farm investigators believed that the fire

had been set intentionally. State Farm then filed this action for a declaratory judgment to relieve it of the obligation to pay the Olivers for the fire loss. The complaint alleged that (1) the policy should be rescinded because of omissions, concealments or misrepresentations in the application; (2) the Olivers had intentionally burned their home; and (3) they breached the policy by fraud and misrepresentations after the loss. The Olivers filed a counterclaim for the payment of benefits under the policy. The case was tried April 14–17, 1987, and the jury returned a verdict in favor of the Olivers. State Farm then filed a motion for judgment notwithstanding the verdict and, alternatively, a new trial, which was denied by the district court. 658 F.Supp. 1546 (N.D.Ala.1987).

State Farm raises four issues on appeal. Its first three assignments of error all challenge the district court's jury instructions, or its failure to give State Farm's requested charges, respecting Alabama Code § 27–14–7. That section provides in pertinent part:

> (a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent recovery under the policy or contract unless either:
>
> (1) Fraudulent;
>
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>
> (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

During the trial State Farm withdrew the "fraudulent" defense set forth in § 27–14–7(a)(1). The withdrawal of this "fraudulent intent" defense moots this statutory issue and any fraud issue arising out of the contract provisions "intentionally concealed or misrepresented," etc. Thus, the challenged and omitted jury instructions pertain only to the interpretation of § 27–14–7(a)(2) and (3).

■ State Farm first maintains that the district court erred by charging the jury that State Farm had to prove an increase in hazard in order to rescind the insurance policy.[1] The Olivers counter that a threshold issue must be decided before reaching the district court's charge with respect to § 27–14–7. They insist that State Farm waived its remaining defenses under § 27–14–7(a)(2) and (3) because the insurance contract refers only to the avoidance of the policy for *intentional* misrepresentations or concealments. In essence, the Olivers argue that once State Farm has set its own standard by contract for judging misrepresentations and concealments, it cannot rely on a statute that imposes more stringent requirements on an insured. We agree.

■ State Farm contends that the Olivers' threshold argument misapprehends Alabama law because the provisions of § 27–14–7 become a part of every insurance policy and cannot be overridden contractually. Indeed, this argument does state a general rule that Alabama courts have applied in interpreting the predecessor statutes to § 27–14–7. *General Mutual Ins. Co. v. Ginn*, 283 Ala. 470, 218 So.2d 680, 684 (1969); *General Accident, Fire & Life Assur. Corp. v. Jordan*, 230 Ala. 407, 410, 161 So. 240 (1935).[2] Alabama courts,

however, have followed this general rule only in a specific factual situation. Both *Ginn* and *Jordan* articulate the rule in the context of an insurer attempting to obtain by contract greater rights for its benefit than those provided in the statute. In *Ginn*, the insurance policy contained a clause that limited the insured's recovery to the amount of premium charged if the insured misrepresented any fact in connection with the policy, even innocently. 218 So.2d at 684. The Supreme Court of Alabama held that the insurer could not contractually limit recovery in this fashion because, under the statute at that time, an insurance policy could be defeated or voided only if the misstatements were intentional or increased the insurer's risk of loss. *Id.* Similarly, the *Jordan* court observed that the insurance contract could not make the requirements for voiding an insurance policy more stringent on the insured than those provided by statute. 230 Ala. at 410, 161 So. 240.

In this case, however, State Farm attempts to apply the general rule of *Ginn* and *Jordan* to the opposite factual setting. Here, the policy set standards for judging misrepresentations and concealments that are more favorable to the insured than that afforded by the statute: the contract provides that the policy will be voided for *intentional* misrepresentations. The district court determined that State Farm's "inducement" in this clause "*contractually excused* innocent misrepresentations in the application." 658 F.Supp. at 1550. This conclusion finds support in Alabama case law. In *United Security Life Ins. Co. v. Wisener*, 40 Ala.App. 350, 113 So.2d 530, 531 (1959), the court held that an insurer could contract itself out of a misrepresentation-in-the-application defense under Title

---

1. The relevant portion of the district court's charge reads:

   [Alabama] has a requirement that before misrepresentations may avoid or void an insurance policy, those misrepresentations must actually increase the insurance company's risk of loss.... Must be an actual increase in risk by virtue of the fact that it left out or misstated [sic].

2. *Ginn* and *Jordan* dealt with the identical provisions of Title 28, § 6, Code of Ala. (1940) and

§ 8364, Code of Ala. (1923) respectively, which state:

   No written or oral misrepresentation or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increases the risk of loss.

28, § 6, Code of Ala. (1940), the predecessor of § 27–14–7. The insurance contract in *Wisener* pointed out that no statement made on the application that was not included in the policy itself could provide a basis for voiding the policy. 113 So.2d at 531. This provision offered the insured less stringent conditions than that imposed by the statute, which would have allowed the insurer to void the contract for certain misstatements made in the application regardless of whether they appeared in the contract itself. The *Wisener* court concluded that such a clause "is not contrary to public policy in Alabama." *Id.* The Supreme Court of Alabama has since endorsed the *Wisener* rationale. *United Security Life Ins. Co. v. Harden*, 275 So.2d 246, 153 So.2d 246, 247 (1963). Because Alabama courts have read the forerunner statute to § 27–14–7 into the policy when the contract attempted to impose more stringent conditions on the insured than in the statute, but have refused to read the statute into the contract when the contract sets less stringent standards on the insured, we agree with the appellees that State Farm, by setting a standard for judging the Olivers' misrepresentations and concealments that requires intent, has waived its defenses of innocent misrepresentation under § 27–14–7(a)(2) and (3).

■ As stated earlier, during the trial State Farm withdrew its fraudulent misrepresentation claim contained in § 27–14–7(a)(1). Having agreed with the Olivers' threshold contention, we hold that the district court should not have allowed State Farm's claims under § 27–14–7(a)(2) and (3), which permits avoidance of a policy for unintentional misrepresentations and concealments, to go to the jury.[3] Accordingly, State Farm cannot claim prejudice

from its second and third assignments of error because both of those challenges relate to the district court's application of § 27–14–7. In its second allegation of error, State Farm claims it was prejudiced by the district court's refusal to give certain requested jury instructions concerning § 27–14–7. However, given our determination that the district court should not have submitted State Farm's defense under § 27–14–7 to the jury, no disposition of this alleged error is necessary. The third issue raised by State Farm takes exception to the district court's jury instruction on the imputation of knowledge from agent to principal.[4] This charge was given in connection with the instructions on § 27–14–7(a)(2) and (3) that an insurer could not void the policy if it knew, or should have known, the true answers to questions on the application. As we have stated, because of the stricter standards imposed by the contract and the withdrawal of the intentional misrepresentation defense at trial, State Farm lost any remaining claims under § 27–14–7(a). Therefore, any error pertaining to the instruction on the imputed knowledge of an agent to the principal became harmless.[5]

In essence, because there is no issue with respect to § 27–14–7(a), the only question for the jury concerning before-the-loss misrepresentation would have been whether the Olivers intentionally misrepresented facts in the application in a manner proscribed by the policy. As the district court observed, however, State Farm elected not to invoke this contractual language in its before-the-loss misrepresentation claim. 658 F.Supp. at 1550. Therefore, only State Farm's arson charge and after-the-loss misrepresentation claim were properly before the jury.

3. Indeed, in its memorandum opinion, the district court realized that it should have directed a verdict on the issues of innocent misrepresentation. 658 F.Supp. at 1550, 1552 ("Looking back on it the court should not have submitted any issue under § 27–14–7(a)(3).... Everything which the court has said about the evidence bearing on State Farm's defense under § 27–14–7(a)(3) is ... relevant to the defense under § 27–14–7(a)(2).").

4. The district court's instruction reads:
   [A]nything known by Mr. Cantrell's agency is known by State Farm. The minute Mr. Cantrell knows something, State Farm knows it. The minute Mr. Garrard knows anything, State Farm knows it. One agent knows it just like any other agent knows it, as a matter of law, whether they actually know it or not.

5. For this reason, we decline to decide whether the instruction accurately states Alabama law.

State Farm's final allegation of error concerns its after-the-loss misrepresentation defense. It claims that the district court misapplied Alabama law on after-the-loss misrepresentation when it permitted Oliver to cross-examine a State Farm representative about the company's lack of reliance on the Olivers' alleged misstatements.[6] We disagree.

The district court refused to instruct the jury that State Farm had to prove after-the-loss reliance. Nevertheless, the insurer argues generally that the cross-examination of its representative prejudiced its case before the jury. We may reverse the district court's evidentiary rulings only when the appellant demonstrates that the trial judge "abused his broad discretion and that the decision affected the substantial rights of the complaining party." *Murphy v. City of Flagler Beach*, 761 F.2d 622, 626 (11th Cir.1985). After carefully reviewing the record, we cannot say the district court abused its discretion. The challenged testimony on cross-examination appears to focus on whether Oliver's answers were in fact misrepresentations, i.e., whether the questions asked were as clear as they could have been, not on whether State Farm relied on the answers.

For the reasons stated above, the judgment of the district court is

AFFIRMED.

---

6. Wayne Oliver was interviewed by agents of State Farm after the March 21, 1986 fire. During that interview, he purportedly gave false answers to questions with respect to the extent of his assets, the expiration date and cost of the Cotton States insurance policy, Farm Bureau's rejection of his application, the extent of his debts, his involvement in lawsuits, his arrest history, refusals of credit and whether he had provided the Federal Land Bank with a financial statement.