I must respectfully dissent. I believe the trial court erred in directing a verdict for Oglesby on Alfa's misrepresentation claim that was based on § 27-14-7, Ala. Code 1975. The majority states that the legislature intended this statute to apply only to initial policies. Because the insured is seeking to recover under a renewal of the original policy, the majority holds that the statute regarding misrepresentation does not apply. I disagree. Nothing in § 27-14-7 indicates that it applies only to the initial application and the initial policy:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
Oglesby's policy was renewed annually after it went into effect in December 1989, until 1994, when the fire that is the subject of this dispute occurred. However, there was only one application, and Oglesby was not truthful in completing it. There is no evidence of a substitute application; the application involved in this case is the original application. We might have a different situation if Oglesby had completed a new application with each renewal. He did not.
The issuance of a renewal policy should not operate to void the effect of statements made in the original — and only — application. See 43 Am.Jur.2d Insurance § 1020 (1982) ("in the absence of a new application or anything showing a different intention, the renewal of a fire insurance policy is impliedly made on the basis that the statements in the original application or policy are still accurate and operative"). Section 27-14-7 was certainly not written to protect an insurer from misrepresentations made in the application, but only for the length of the original policy term. Under the rationale of the majority opinion, an insured could give false information on an application for insurance and then hide the truth for a year (or whatever the term of the original policy), and then, once a renewal policy is issued, be free from the consequences of being untruthful. I do not believe one should benefit from being untruthful. The majority is rewarding Oglesby for not telling the truth and for concealing the truth for five years. The fact that Alfa *Page 946 
did not discover the truth until after the term of the initial policy had ended should not prevent Alfa from denying coverage as a result of Oglesby's misrepresentation. Nothing in the statute suggests the result reached by the majority. Oglesby misrepresented a fact that was material to the acceptance of the risk, and Alfa took that risk under the belief that Oglesby had had no prior arrests. The fact that Oglesby seeks recovery under a renewal policy should not excuse his untruthfulness.
Further, the majority's reliance on State Farm Gen. Ins. Co.v. Oliver, 658 F. Supp. 1546 (N.D.Ala. 1987), aff'd,854 F.2d 416 (11th Cir. 1988), for the proposition that § 27-14-7 should be read to apply only to the original insurance policy and not to renewal policies, is misplaced. Although the Court of Appeals for the Eleventh Circuit affirmed the judgment in StateFarm, it did so for reasons other than that used by the trial court. The Eleventh Circuit reasoned that § 27-14-7 did not apply because State Farm had set forth in its policy a different standard for determining whether a policy was voidable — intentional misrepresentation. 854 F.2d 416, 419. Thus, State Farm could not fall back on the less stringent standard of § 27-14-7 for determining voidability — innocent misrepresentation. Id. The Eleventh Circuit's reasoning implies that had State Farm not set forth in its policy a different standard for determining the misrepresentation that would make a policy voidable, § 27-14-7 would have applied to the renewal policy. Id.
"An insurance company has the right to expect a prospective insured to give truthful information on the application, and the insurance company normally has no duty to inquire further into whether an insured has told the truth on the application."Amerson v. Gardner, 681 So.2d 570, 573 (Ala.Civ.App. 1996) (citing Hess v. Liberty National Life Ins. Co., 522 So.2d 270
(Ala. 1988)). Oglesby did not tell the truth on his application. "It is established law in Alabama that an intentional misrepresentation of material facts relied upon by the insurer permits the insurer to void the policy." Clark v. Alabama FarmBureau Mut. Cas. Ins. Co., 465 So.2d 1135, 1139
(Ala.Civ.App. 1984) (emphasis omitted). Oglesby's misrepresentation was clearly intentional. I find it hard to believe that one could forget about an arrest for indecent exposure. Therefore, Alfa should be able to void the policy.
If Oglesby's loss had occurred during the term of the original policy, there would be no question that Alfa could deny coverage because of the misrepresentation. I see no reason for the result to change just because by the time of the loss the insured had been issued a renewal policy. Therefore, I must dissent.
SEE, J., concurs.