I respectfully dissent. The record contains substantial evidence that Nationwide itself created the inaccuracies on the application, that the plaintiffs did not intentionally adopt or endorse the inaccuracies, and that Nationwide contractually waived its right to defend on the basis of innocent but material misrepresentations.
The insured Pabon testified that she orally answered accurately the questions Nationwide agent Davis orally asked, that Davis then printed from the computer the application form containing corresponding but different questions, and that Pabon did not notice the differences and the consequent inaccuracies when she signed the form because she was rushing to work. Nationwide invokes these same inaccuracies in defense under § 27-14-7, Ala. Code 1975.
 "[I]f [the insurer's agent] was responsible for the wrong information, then [the insurer] could not defend against [the insured's] claim on the basis of misrepresentation (see Ala. Code 1975, § 27-14-7), as [the insurer] was purporting to do. See National Life Accident Ins. Co. v. Allen, 285 Ala. 551, 554, 234 So.2d 567 (1970)."
Union Bankers Ins. Co. v. McMinn, 541 So.2d 494, 497 (Ala. 1989).
Moreover, the policy contains this provision:
 "Concealment or Fraud. We do not provide coverage for an insured who has by design concealed or misrepresented a material fact or circumstance relating to this insurance."
This provision contractually waived the right of Nationwide to defend on the basis of unintentional misrepresentation or nondisclosure of facts material to the risk. Standard Plan, Inc.v. Tucker, 582 So.2d 1024, 1030-31 (Ala. 1991). Accord StateFarm Fire Cas. Co. v. Oliver, 854 F.2d 416 (11th Cir. 1988). Because the record contains substantial evidence that the inaccuracies on the printed application were not intended by Pabon, Nationwide was not and is not due a judgment as a matter *Page 769 
of law. Ex parte Helms, 873 So.2d 1139, 1143 (Ala. 2003).