(115 So. 772)

## BUNCH v. STATE. (8 Div. 644.)

Court of Appeals of Alabama. March 13, 1928.

S. A. Lynne, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. The evidence offered by the state in this case raises a strong suspicion against the defendant, but nothing more. That a window in the rear of a garage was broken open and that an automobile was taken from the place via the front door seems to be clear. The testimony of one member of the firm operating the rental garage that the place was in charge of an employee named Grizzard from about 6 o'clock in the evening until he closed at 11 o'clock at night, that when witness departed at about 6 o'clock the window was intact, and the car was in its place, that between 11 and 12 o'clock the window was found to have been broken, the car to be gone from its place, and later found wrecked on a street a mile away, and defendant, employed as a laborer at the garage, found lying under a shed on one of the seat cushions, badly "bunged up"—this testimony, aided by that of another witness that the car had been in the place earlier in the evening, and that later he saw the window was broken, is all the evidence of the stealing of the car, if stolen it was. Grizzard did not testify, and there is no positive evidence that defendant, if he in fact took the car, was not given permission to do so.

Except for the presumption that might flow from a forcible taking, if satisfactorily shown, there is nothing to show the lucri causa of the person who did the taking. Again, excepting for the finding of defendant in an unconscious condition, lying on one of the seat cushions of the car in question, there is nothing in the evidence to connect him in any wise with the affair. Neither of the only three witnesses who testified for the state, and who saw the defendant injured near the wrecked automobile, threw any light on defendant's presence there. No one testified to having seen him in the car or nearer to it; no one testified to having witnessed the wreck; no one testified as to how he came to be lying under the shed and on the seat cushion. It seems hardly possible that he removed the cushion to shelter, placed himself thereon, and then drifted into unconsciousness. One witness testified that, when he came up after the accident, some unidentified persons—denominated "they"—were administering first aid to the injured man. If any one of them or any one else placed the defendant where he was found by the witnesses, that one gave no evidence of the fact.

As above pointed out, the meager evidence offered by the state—there was none for defendant—makes out a case of suspicion of some sort of crime, but it is not sufficient to establish the essentials of larceny, and is totally deficient as proof of defendant's guilt of larceny.

The affirmative charge, as requested by defendant, should have been given. For its refusal, the judgment must be reversed, and the case remanded.

Reversed and remanded.