(129 So. 470)

### HOME LOAN & FINANCE CO. v. FIREMAN'S FUND INS. CO. OF SAN FRANCISCO, CAL.

8 Div. 215.

Supreme Court of Alabama.

June 28, 1930.

Watts & White, of Huntsville, for appellant.

530

Cooper & Cooper, of Huntsville, for appellee.

BOULDIN, J.

█ A policy of fire insurance naming the owner as the insured, with loss payable clause to a mortgagee, as his interest shall appear, without more, constitutes the mortgagee an appointee entitled to payment only in case a liability accrues to the insured. No separate and distinct contract insuring the interest of the mortgagee, free from the conditions touching continued ownership in the insured, exists.

█ A forfeiture by reason of complete change of ownership without the consent of the insurer, so that the policy is no longer in force in favor of the insured, defeats also the claim · of his appointee. 26 C. J. p. 44; 2 Cooley's Briefs on Ins. (2d Ed.) 1267 and 1287; Hartford Fire Ins. Co. v. Liddell, 130 Ga. 8, 60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. Rep. 157; Southern States F. & C. v. Napier, 22 Ga. App. 361, 96 S. E. 15; Brecht v. Law Union & Crown Insurance Co. (C. C. A.) 160 F. 399, 18 L. R. A. (N. S.) 197, and note; Boston Cooperative Bank v. American Cent. Ins. Co. 201 Mass. 350, 87 N. E. 594, 23 L. R. A. (N. S.) 1147, and note; Roper v. National Fire Ins. Co. 161 N. C. 151, 76 S. E. 869.·

A different rule applies ·where what is known as a "union mortgage clause" is made a part of the contract, either by stipulation or incorporated by statute. By this clause it is stipulated that the rights of the mortgagee shall not be affected by the subsequent act or neglect of the insured without the consent of the mortgagee. Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807; 26 C. J. p. 274–275; National Union Fire Ins.

Co. v. Short (C. C. A.) 32 F.(2d) 631, 64 A. L. R. 753.

█ The "Title and Ownership" clause of the present policy reads:

"Except as to any lien, mortgage, or other encumbrance specifically set forth and described on Page One of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added hereto, if the interest of the Assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, or if the subject of this insurance has ever been stolen or unlawfully taken prior to the issuance of this policy and not returned to the lawful owner prior to the issuance of this policy, or in case of transfer or termination of the interest of the Assured other than by death of the Assured, or in case of any change in the nature of the insurable interest of the Assured in the property described herein either by sale or otherwise, or if this policy or · any part thereof shall be assigned before loss."

Appellant's view is that construing this clause favorably to the insured, it means to insure the interest of the mortgagee, independent of any question of continued title and ownership in the insured.

Appellant would make it read: "This entire policy shall be void * * * except as to any lien, mortgage, etc., specified * * * if the interest of the assured * * * be or become other than unconditional and sole lawful ownership."

Appellee would make it read: "This entire policy shall be void, ·* * * if the interest of the assured * * * be or become other than unconditional and sole ownership, * * * except as to any lien, mortgage, etc., specified."

We agree with the trial court; the latter is the natural construction.

█ If it read, "Except as to insurance under the loss payable clause * * * this policy shall be void," the effect would be quite different. The clause deals only with the condition of the title and ownership which will effect the policy as a whole, and does not relate to the amount payable under different conditions of ownership. Title and ownership are vital to insurance risks.

██ We think it not of that equivocal class which is made to read one way for purposes of selling the contract, and another way when pay-day comes. The true intent governs insurance contracts the same as others. While doubtful terms are construed in favor of the insured, no strained construction should be indulged to raise doubt.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.