"Another difficulty we have is due to our practice and theory that the taxation of costs is a mere clerical matter incidental to and the amount of it is not a part of the judgment * * *.

"In other jurisdictions the amount of the costs is taxed by the clerk and inserted in the judgment. * * *

"But we take it that the clerk taxes the costs under our practice when he has entered on his fee book, required by sections 7266 and 7267 [Code 1940, Tit. 11, §§ 10, 11], a complete itemized statement of the costs ready to be attached to the execution as required by section 7796 [Code 1940, Tit. 7, § 509]. * * *"

There being no error in the ruling of the lower court, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.

appeal, except the excessive amount of the verdict.

We are impressed that the verdict is excessive, and under the authority of section 811, Title 7, Code of 1940, the amount of the verdict is hereby reduced to the sum of $300. If plaintiff remits all in excess of said sum by filing a remittitur with the clerk of this Court within thirty days, the judgment of the court below will stand affirmed, otherwise it will be reversed and the cause remanded.

Affirmed conditionally.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

PER CURIAM.

Appellee having failed to file remittitur, the judgment is reversed and the cause is remanded.

16 So.2d 9

### WINDHAM v. LONG.

4 Div. 305.

Supreme Court of Alabama.

Dec. 16, 1943.

Judgment Reversed Feb. 2, 1944.

A. L. Patterson, of Phenix City, for appellant.

Roy L. Smith, of Phenix City, for appellee.

FOSTER, Justice.

The assignments of error present no serious question for consideration on this

16 So.2d 705

### LOCAL UNION NO. 57, BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, et al. v. BOYD.

6 Div. 190.

Supreme Court of Alabama.

Feb. 3, 1944.

