42 So.2d 252

**HOWARD et al. v. STEWART.**

**6 Div. 842.**

Supreme Court of Alabama.

Oct. 6, 1949.

Barber & Barber, Birmingham, for appellees.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill in equity.

The bill invokes a judgment creditor's remedy for discovery of assets of his debtor under the provisions of § 898, Title 7, Code 1940.

The bill was filed by appellee, W. L. Stewart, in his capacity as administrator of the estate of Edward Earl Stewart, deceased, against W. C. Howard, Joseph Albert Chance, Alice Bertie Chance, J. P. Rotton, and Southern Transportation Company.

In substance the bill alleges that on October 14, 1938, complainant obtained a judgment in the circuit court of Montgomery County in the sum of $10,000 against the respondent, W. C. Howard; that said judgment was recovered in a tort action and is in force and effect and remains unsatisfied; that executions have been issued against the respondent Howard and placed in the hands of the sheriff of

Montgomery County and in the hands of the sheriff of Jefferson County, the county of the residence of said Howard; that such executions have been returned unsatisfied by said officers.

Complainant in his bill alleges: " * * * on information and belief which he has reason to believe and verily does believe to be true, that said W. C. Howard has property, or is interested in property, subject to the payment of the said Judgment and demand, and that the defendants Joseph Albert Chance, Alice Bertie Chance; Southern Transportation Company and J. P. Rotton, individually or as trustees, have possession or control thereof, and are holding the same in trust for him, the said W. C. Howard; but the manner in which the property is held, and the specific amount and the nature of the interest of the defendant therein is not known to the plaintiff and that the said defendants and each of them should in this Honorable Court be required to discover and set forth any property belonging to the said defendant, W. C. Howard, or held in trust for him, and that said defendants, individually and as such trustees should be enjoined, restrained and prohibited from delivering, transferring or conveying any of said property to the defendant, W. C. Howard, or to any other party or parties at his order or upon his behalf until the full and complete satisfaction of the demand or demands against him."

The bill further alleges in the same manner on information and belief that the respondents Joseph Albert Chance and Alice Bertie Chance, jointly, hold title, in trust, for the respondent Howard, certain described real estate, which property in fact belongs to the said Howard.

In the same manner, on information and belief, the complainant further alleges: " * * * that the defendant W. C. Howard, has other money, property, and effects which are concealed, hidden out and unknown to plaintiff so that execution against him on said Judgment would be unavailing to the creditors of the said W. C. Howard, but which said money, property or effect would be liable to the satisfaction of Plaintiff's said Judgment."

The respondents Howard, Joseph Albert Chance, and Alice Bertie Chance filed separate demurrers. The respondent Rotton interposed demurrer for himself, individually, and as owner of the respondent Southern Transportation Company.

The demurrers of the several respondents were overruled by the trial court. Each of the respondents has appealed and errors have been assigned separately.

■ As we understand the brief filed by counsel for appellants, only two grounds of the demurrers interposed to the complaint are here argued, and they are, (a) there is no equity in the bill; (b) that the respondents Joseph Albert Chance, Alice Bertie Chance, J. P. Rotton, and Southern Transportation Company are not proper parties respondent. Of course, those grounds of demurrer which appellants did not think of sufficient merit to argue will be treated, under our uniform rule, as having been waived. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

■ There is no merit in the contention that the bill is without equity. A judgment creditor's bill for discovery, which alleges the recovery of the judgment upon which execution has been returned unsatisfied by the sheriff of the county of the residence of the judgment debtor and by the sheriff of the county in which the judgment was recovered, and which alleges the existence of property owned by the judgment debtor which is so concealed and hidden out that execution against him on the judgment would be unavailing, but which property or effects would be liable to the satisfaction of complainant's judgment, is sufficient in averment, in these particulars, to call into exercise the enlarged jurisdiction of a court of equity conferred upon it by § 898, Title 7, Code 1940, though it does not state the nature or location of the property. Hackney v. Yarbrough, supra.

The bill is not a mere fishing process, to discover by chance whether the respondent has such property. Elliott et al. v. Kyle, 176 Ala. 167, 57 So. 752.

We think the bill in this case sufficiently shows the necessity for discovery and the

reason why it is that execution at law cannot give to complainant the relief he is entitled to, and therefore is distinguishable from the bill which was condemned in the case of Lawson v. Warren, 89 Ala. 584, 8 So. 141, as being a "fishing bill."

■ It has been distinctly held by this court that others named and made parties were properly brought in and required to make disclosure though they were not debtors to the complainant. Hays v. Mc-Carty, 239 Ala. 400, 195 So. 241; Hackney v. Yarbrough, supra.

We have discussed the only grounds of the demurrers here argued, and are of the opinion that the court committed no error in overruling the same.

It follows, therefore, that the decree appealed from must be affirmed, and it is so ordered.

Affirmed.

BROWN, FOSTER, and SIMPSON, JJ., concur.