218 So.2d 680

**GENERAL MUTUAL INSURANCE COMPANY**

v.

**James Melvin GINN et al.**

**7 Div. 746.**

Supreme Court of Alabama.

Jan. 30, 1969.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

John R. Phillips, Anniston, for appellees.

PER CURIAM.

Appellees moved this court to dismiss this appeal for the reason that the transcript was not filed within the time required by Supreme Court Rule 37, Title 7, Appendix, Recompiled Code 1958; also on the ground that the transcript was not filed in this court within ninety days from the date of the appeal, as provided by § 827 (1a), Title 7, Recompiled Code 1958. See Act No. 886, § 2, General Acts 1951, Vol. II, p. 1527.

■ The record before us reveals that the instant appeal was perfected June 27, 1966, when the appeal bond was filed and approved. Ridgeway v. Lovelady, 268 Ala. 503, 108 So.2d 459; Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893. The record

further shows that it was filed here on October 19, 1966.

Between the date the appeal bond was taken and approved, namely, June 27, 1966, and October 19, 1966, when the record was here filed, the transcript of the evidence was filed by the Court Reporter with the Circuit Clerk. Such filing occurred on August 12, 1966. This was well within the sixty day limit after the appeal, as provided by Act 886, supra. See also § 827(1), Title 7, Recompiled Code 1958.

■ Appellant filed objections to the transcript on August 19, 1966. The trial court heard and sustained objections on August 24, 1966. On this date the transcript of the evidence was established. Colquett v. Williams, 264 Ala. 214, 86 So. 2d 381.

We here note that § 1 of Act 886, supra, Title 7, § 827 (1), Recompiled Code 1958, provides that the reporter's transcribed evidence in cases at law, including objections, oral motions, rulings of the court, and the oral charge of the court shall be certified by the Court Reporter and filed with the Clerk, and the evidence so transcribed and certified shall be a *part of the record.*

Our amended Rule 37, Title 7, Code 1940, Appendix, supra, 263 Ala. XXI, provides that the transcript of the record shall be filed in the Supreme Court within sixty days after the transcript of the evidence has been established in the trial court, but subject to an extension of time.

It appears that the record was here filed within the sixty days after the transcript of the evidence was established. Therefore, the motion of appellees to dismiss the appeal for failure to file the record here within the time required by law is denied.

On the Merits

Appellant complains that the trial court erred in ‘overruling its demurrer to the

complaint as amended. The amended complaint consists of Count Two.

The demurrer contains eleven grounds, but only one ground, that the allegations (of Count Two) are vague, indefinite and uncertain, is argued. The other grounds, not being here argued, are waived. Howard v. Stewart, 252 Ala. 581, 42 So.2d 252; Ala.Dig., Vol. 2A, Appeal and Error, ☞ 1078(3). This argued ground is general and subject to § 236, Title 7, Code 1940 as Recompiled in 1958. The demurrer on this ground was properly overruled. United States Health & Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Denson v. Caddell, 201 Ala. 194, 77 So. 720; Ala.Dig., Pleading, Vol. 16, ☞ 208.

We might observe with respect to the right of the mortgagee, who is the beneficiary under a loss payable claim, to join with the assured, who is the mortgagor, as parties plaintiff to collect indemnity insurance covering the theft of an automobile, that such procedure has been approved in Aetna Ins. Co. v. Koonce, 233 Ala. 265, 267, 171 So. 269, 271. We there said:

"The insurer is primarily interested in protection against double liability; the mortgagee in getting what is due him when the loss is paid; the mortgagor in getting the entire loss paid.

"This can all be readily accomplished by a joint action of the mortgagor and the mortgagee on the policy. The court, when the money is paid in, has full power, if need be, to apportion it between the plaintiffs.

"Other courts have been confronted with cases under like or kindred policies, and have not always been in harmony as to the right of mortgagor or mortgagee to sue, where each was due a portion of the indemnity. But their right to sue jointly is generally recognized, and so far as we have found, not denied in any jurisdiction.

"For full citation and review of authorities, see 8 Couch, Cyclopedia of Insurance Law, § 2081; also, sections 2051, 2052; 26 C.J. pp. 484, 485.

"We now approve the rule sustaining a joint action. Under our statutes, the right to sue jointly, in the first instance, warrants bringing in the mortgagee as coplaintiff by amendment; such amendment relating back to the bringing of the suit. Code, § 9513; Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485."

The second assignment of error charges the trial court with error for having given plaintiff's requested written Charge 4, which is:

"I charge you gentlemen of the jury that where an insurance agent for the defendants does not ask questions of insured, but writes answers as though he had done so, the insurer defendant cannot deny coverage on such basis."

We are unable to say from appellant's brief wherein this abstract charge was prejudicial to appellant. Counsel for appellant argues and quotes certain abstract principles of law which it contends negate the correctness of this written Charge 4, supra, but nowhere in the argument addressed to this Charge 4, supra, does the brief pretend to point out the evidence which induced or motivated the request for this charge. Appellant's argument with respect to this charge is abstract. We are not under any duty to cast about in the record for evidence pertaining to this charge. We are unwilling to say that the charge was an incorrect statement of law in its application to the evidence. It was held to be correct in United Security Life Ins. Co. v. St. Clair, 41 Ala.App. 243, 130 So.2d 213. We are not convinced from the argument that it was not correct in the present case.

Assignment of Error III asserts that the trial court erred in refusing appellant's written charge No. 1 as follows:

"I charge you that in the event you should find your verdict for Plaintiffs you cannot award them more than a sum equal the premium charged for issuance of the policy of insurance sued on, $29.75."

The effect of this charge was to instruct the jury that plaintiffs were not entitled to recover anything except the insurance premium paid.

Again appellant's argument in support of this assignment is abstract and fails to point out the evidence with sufficient clarity. The argument is more in the nature of a casual reference to Clause 18 of the policy and does not set forth any serious argument in support of the assignment. For that reason we will not consider this assignment.

■ Under Assignment of Error IV appellant charges error by the court in refusing the affirmative charge with hypothesis. We do not think that the appellant has presented a serious argument that this affirmative charge should have been given. We will not consider this assignment.

At this point we think pertinent evidence and the tendencies thereof should be narrated.

A (used car) partnership composed of James Melvin Ginn (one of the plaintiffs) and Odell Spurlin, operating as Ginn & Spurlin, bought from one Foster a 1963 white Chevrolet Impala convertible and paid therefor $1,675 plus a used Ford. The newly purchased Chevrolet had attached or welded to the door frame an identification or serial number 31867A120071; also it bore a license plate No. 11–28003 for the year 1964.

It also appears that this identification plate bearing the serial number and the license plate were removed from a wrecked 1963 Chevrolet Impala convertible which had been sold for junk. This wrecked automobile had originally been sold to one Gene Noell

The purchasers, Ginn & Spurlin, financed the cash purchase price of the Chevrolet with money borrowed from the Commercial National Bank of Anniston, which took a promissory note for the money and a chattel mortgage on the car. These instruments were executed by the partnership and by the partners as individuals. The car was described in the mortgage as a 1963 Chevrolet Impala convertible, serial number 31867A120071.

Thereafter, G. B. Daniell Realty Company, through G. B. Daniell, was importuned by Mr. Guice Potter, Jr., an officer of the bank, to insure the car against loss by fire and other hazards. This contact was through the suggestion of Mr. Ginn, who had other insurance with this agency. Mr. Daniell testified that information inserted in the application for insurance was furnished over the telephone by Mr. Ginn. The witness, Mr. Daniell, signed the application blank for Mr. Ginn.

It further appears that the wrecked Chevrolet from which the serial plate and the license tag were removed originally belonged to a Mr. Noell, who owned the same when it was wrecked. He delivered the wrecked automobile to an adjuster, who in turn sold and delivered it, with serial plate and tag license attached, to a Mr. Haynes, who sold the motor from the wrecked automobile to another person and left the remainder of the car in his yard.

A Mr. Gunn testified that a Mr. Nelson approached him about buying a 1963 Chevrolet Impala convertible, but he did not buy the same. He did undertake to sell it at an auction sale for Mr. Foster, whom he had known for several years. The sale was not made. In undertaking to sell the car, he procured a transfer of the license plate on the automobile from a Mr. Noell to himself. He redelivered the unsold automobile to Mr. Foster and gave him the "registration tag in my name." He further testified that he was a mechanic and had done some work for Mr. Foster.

Appellant places heavy reliance upon the fifth Assignment of Error, which charges that the trial court erred in refusing written Charge No. 3 for defendant. This charge is as follows:

"I charge you that if you are reasonably satisfied from the evidence that the Plaintiff Ginn did not truly state the identification number of the automobile involved in this case in the policy of insurance sued on, then in that event you cannot award the plaintiffs any greater sum than $29.75."

In support of its contention that the above charge should have been given, appellant relies upon Clause 18 of the "Conditions" of the policy, which clause provides:

"Should the insured fail to perform any of the duties herein provided to be performed by him, or misstate any fact intentionally in relation to these duties, or in the event the insured should not have truly stated any fact or representation made in the declaration hereof, the same shall not be considered as a ground or condition of forfeiture but in such event the total liability of this company shall be limited to the payment of a sum equal to the premium charged herein."

The foregoing provision of the policy must be considered and treated in the light of Title 28, § 6, Code 1940, which reads as follows:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

The foregoing statute is to be read into the insurance contract here in question. Continental Auto Ins. Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883;

12 Ala.Dig., Insurance, Key No. 152; Ginsberg v. Union Central Life Ins. Co., 240 Ala. 299, 198 So. 855.

The contention of appellant that Condition 18, supra, of the policy prevails is without merit. This condition will not limit recovery to an amount equal to the premium due to misstatement of the serial number, in the absence of an intent to deceive or the existence of an increase in the risk of loss.

This Charge 3, supra, was properly refused. It omits any reference to the statutory mandates written into the policy that the misrepresentation must be with intent to deceive or increase the risk of loss. It instructs the jury that it could not return a verdict for the plaintiffs in excess of $29.75 if the plaintiffs did not "truly state the identification number of the automobile involved in this case * * *."

But appellant contends that the misstatement of the serial number is per se a misrepresentation that increases the risk of loss and avoids the policy, thereby justifying the instructions to the jury as set forth in said Charge 3. It cites 45 C.J.S. Insurance § 510, at p. 232. Appellant's brief quotes an excerpt from this section. We prefer to quote the section as follows:

"It has been held that a misstatement as to the year model of a motor vehicle insured, its motor or serial or license number, or the date of its purchase is an immaterial misrepresentation which will not avoid the policy. The general rule, however, seems to be that insured's representations as to the make or trade name of the motor vehicle insured, its age or year model, whether or not it was purchased new, its motor or serial number, or the date of purchase are either warranties or material representations which, if false, will avoid the policy, regardless of whether insured's misdescription was made intentionally or in good faith. Under statutes providing that misrepresentations or false warranties will not avoid a policy unless

made with intent to deceive, a misstatement of the year model will not avoid the policy unless made with intent to deceive the insurance company. * * *"

There was no mistake in the instant case as to the make, trade name, age or year model, whether it was purchased new, with respect to the insured automobile, but to the contrary all statements were true and correct except as to the serial number. It does not appear that there was an intentional misstatement as to the serial number. We are not willing to hold that the mere misstatement of the serial number per se increases the risk of loss so as to put the court in error for refusing Charge 3, supra. While there may be some cases which hold that such misstatement does per se increase the risk of loss, we prefer to follow a less harsh rule. We hold in the present case that the mere misstatement of the serial number did not increase the risk of loss.

It appears from the evidence that the policy sued on was issued in the name of James Melvin Ginn, and that the true owners of the insured automobile were Ginn & Spurlin, a partnership composed of James Melvin Ginn (plaintiff) and Odell H. Spurlin.

■ Appellant asserts by Assignment VI that the trial court erred in refusing its written Charge 5, which is as follows:

"I charge you that if you are reasonably satisfied from the evidence in this case that the Plaintiff Ginn was not the sole owner of the automobile described in the policy of insurance sued on then you cannot award plaintiffs damages in excess of $29.75, with interest."

Appellant also contends that the request for the affirmative charge with hypothesis (Assignment VII) should have been given.

These contentions, so appellant asserts, are based on "the well established principle of law in Alabama that an insurance policy shall be voided if the assured's interest is other than unconditional and sole

ownership, the only exception to this rule being in cases of specified liens, mortgages, etc.", citing Home Loan & Finance Co. v. Fireman's Fund Insurance Co. of San Francisco, 221 Ala. 529, 129 So. 470.

Mr. Guice Potter, Jr., the banker, and to whose bank a New York Standard Clause was issued, testified that he contacted the defendant's agent in Anniston and requested the policy here in question. He testified that he told Mr. Daniell, the agent, over the telephone "that Mr. Ginn and Mr. Spurlin had bought an automobile and they needed insurance and that he was handling their insurance and would he handle an automobile policy."

This contact was made at the direction of Mr. Ginn.

Mr. Daniell testified that the policy was issued at the request of Mr. Ginn in the latter's name.

The verdict of the jury indicated that they accepted the version of Mr. Potter, the banker, and that the agent incorrectly issued the policy in the name of Mr. Ginn.

The agent made the mistake, as here appears, and did not include the name of Mr. Spurlin as an insured. Such error was chargeable to defendant and not to plaintiffs. The defendant cannot be heard to profit in this instance by the mistake of its agent, Mr. Daniell. Alabama Gold Life Ins. Co. v. Garner, 77 Ala. 210.

■ Defendant's Assignment of Error VIII asserts that the trial court committed error to reverse in refusing defendant's written Charge 7, which is as follows:

"I charge you that if you are reasonably satisfied from the evidence that the automobile which was burned in the possession of the plaintiff Ginn was a stolen automobile and that Ginn did not have the legal or equitable title thereto at the time of the fire then you cannot award Plaintiffs any damages greater than the premium paid on the policy of insurance sued on."

We are unwilling to predicate error on this assignment. It is true that if the automobile, the subject of the fire, was stolen, Ginn & Spurlin did not acquire title thereto. We think there is no evidence from which an inference could be drawn that the automobile was stolen. The mere fact that it had attached a serial number and license plate from another automobile might create a strong suspicion of theft, but such. attachments do not rise to the level of competent proof that the car was stolen. We do not have title law for automobiles in Alabama. Therefore, there was no convenient way to trace the history of this automobile. There was no explanation as to why the serial plate and the license tag were transferred to the automobile here in question. Such transfers, standing alone and without further proof of the corpus delicti involving the alleged theft, are not sufficient proof to support a charge that the car was stolen. The seller of the automobile, Mr. Nelson, was not available as a witness. Mere suspicion is not sufficient to establish larceny. Bunch v. State, 22 Ala.App. 372, 115 So. 772. There was no error in refusing this charge.

Assignment of Error IX is predicated on the same theory as Assignment VIII. There is no merit in this assignment.

Assignment of Error X complains of error in refusing for defendant written Charge No. 9, as follows:

"I charge you that the identification number of the automobile stated in the policy of insurance sued on is presumed to be the identification of the automobile given to it by the manufacturer of the automobile."

In the light of what we have said with reference to Assignment V, we think the refusal of this charge, even if correct, was error without injury and the ruling of the court is protected by Supreme Court Rule 45.

Following our holdings in regard to Assignments V and X, we think there. is no merit in Assignments XI, XII and XIII.

Assignment XIV asserts that the trial court erred in refusing the following charge (13) for defendant:

"I charge you that in no event would you be authorized to award any damages greater than one half of the damages sustained to the automobile described in the policy of insurance sued on."

According to the testimony of the banker, Mr. Guice Potter, Jr., the agent was informed that the policy was for the partnership, Ginn & Spurlin, and it was the insurance agent, Mr. Daniell, who made the mistake in designating the insured as Mr. Ginn. This being true, defendant cannot restrict the recovery of damages to the one-half interest owned by Mr. Ginn. It was said in Alabama Gold Life Insurance Co. v. Garner, supra:

"No doubt, mistakes sometimes occur, made either by the applicant, or by the agent. If made by the agent, the company will not be permitted to take advantage of the carelessness, inadvertence or misunderstanding of its own agent, and avoid the policy, the insured being without fault. * * *" (77 Ala., 216)

The foregoing charge, if given, would tend to give defendant the advantage of the mistake of its agent, Mr. Daniell. It would withdraw from the jury the question of who made the mistake. It was correctly refused.

The charge in Assignment of Error XV is related to Charge 13, supra. This requested charge for defendant is as follows:

"I charge you that Plaintiff Ginn owned only a one-half interest in the automobile described in the policy of insurance sued on."

In the light of what we have said in regard to Assignment XIV, supra, we think the refusal of this charge was without injury to plaintiff, and its refusal was without error. Supreme Court Rule 45.

Assignment of Error XVI relates to the refusal of the trial court to grant defendant's motion for a new trial. The court's refusal is assigned as error.

We have examined the motion for a new trial and the several grounds thereof. We conclude that only Ground No. 6 of the motion has merit; the other grounds do not.

Ground 7 of the motion is based on the admission in evidence of the policy of insurance marked plaintiff's exhibit. We conclude that the policy introduced was the subject of suit and that there was no variance. It is true that the New York Standard Clause in favor of plaintiff Bank as mortgagee and the agreement in the policy to indemnify the plaintiff Ginn against loss by fire were distinct and separate contracts, as held in American Equitable Assur. Co. of N. Y. v. Powderly Coal & Lumber Co., 221 Ala. 280, 128 So. 225, and also in London & Scottish Assur. Corp. of London, England v. Smith, 229 Ala. 556, 158 So. 892, but these two parties to the contract are here lawfully joined as parties plaintiff in the same count. Aetna Ins. Co. v. Koonce, supra. There was no variance between the pleadings and the proof.

■ Appellant contends under Assignment XVIII that the trial court erred in giving certain oral instructions to the jury. We have checked the excerpt in the assignment and find that it does not accurately set forth the oral instructions which the court gave and to which an exception was taken. Because of this omission we will not consider this assignment.

There is no merit in Assignment of Error XIX because there is no proof that the subject automobile was stolen.

■ Appellant contends in Ground 6 of the motion for new trial that the verdict of the jury is excessive.

Two witnesses, Mr. Ginn (party plaintiff) and Mr. Spurlin (co-owner of the vehicle), testified that the value of the automobile before the fire was $2,600. They both said that the value after the fire was $700. Their testimony indicates that the damage to the vehicle occasioned by the fire was $1,900.

The verdict of the jury for $2,600 embraced the value of the salvage appraised by the owners. The indemnity provision of the policy does not include the value of the salvage even though, as plaintiffs contend, such salvage was converted by agents of defendant. There was no count in the complaint claiming conversion of the salvage by agents of defendant. Therefore, the jury was without authority to include in its verdict the value of the salvage. The verdict of the jury should have been limited to the damages occasioned by the fire and no more.

■ We are impressed that the verdict is excessive and, under authority of § 811, Title 7, Code 1940, the amount of the verdict is hereby reduced to $1,900. If the plaintiffs remit all in excess of said sum by filing a remittitur with this court within thirty days following the finality of this opinion, the judgment of the lower court will stand affirmed; otherwise, it will be reversed and the cause remanded. Windham v. Long, 245 Ala. 227, 16 So.2d 9.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed conditionally.

LIVINGSTON, C. J., and MERRILL, HARWOOD and BLOODWORTH, JJ., concur.