PER CURIAM.
This is an automobile fire insurance case.
Mr. Boyette and Martin Motors (plaintiffs) sued State Farm Fire and Casualty Company (State Farm) and the Monroe County Bank (bank). The plaintiffs sought $8,700 under an insurance policy issued by State Farm which insured an automobile belonging to the plaintiffs which was destroyed by fire. Evidently the bank was the assignee of a conditional sales contract as to the vehicle and was an insured under the policy. State Farm’s primary concern *118 was that the insurance policy is void or the claims thereunder were defeated by reason of the plaintiffs’ misrepresentation of facts concerning matters material to State Farm’s rights under the policy. The trial jury answered a special interrogatory and thereby found that the plaintiffs made misrepresentations in their proof of loss with the intent to deceive as to a matter material to the insured’s rights under the policy. Pursuant to that finding, the trial court rendered a judgment that the rights of the plaintiffs under the policy of insurance were forfeited and invalidated pursuant to the application of section 27-14-28, Code 1975. Certain provisions were made in the judgment as to the bank which are not made issues on this appeal.
Both before the trial and after the entry of the judgment the plaintiffs’ pleadings contended that the policy could not be forfeited on account of any misrepresentation in the proof of loss because there was no fraud and false swearing provision in State Farm’s policy. Those contentions were overruled. The plaintiffs appealed.
Neither party contends that the general statutes as to fraud and misrepresentation, sections 6-5-100 through -102, here apply. We are concerned solely with the applicability of section 27-14-28.
There is a common provision in fire insurance policies which voids the policy in the event of fraud, attempted fraud, or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after loss. State Farm’s policy does not contain any fraud and false swearing provision. The requirement in State Farm’s policy that the insured shall answer questions under oath when asked by anyone named by State Farm does not apply to the requirement that the insured must give written notice to State Farm of a loss as soon as it is reasonably possible. There is no policy requirement that the proof of loss be made under oath.
“[A] fraudulent overestimate of the plaintiffs’ loss, in making the proof of loss required by the insurer, will not operate to forfeit his rights under the policy, unless the instrument itself stipulates for such forfeiture.”
Phoenix Insurance Co. v. Moog, 78 Ala. 284, 302 (1884). False swearing in, or fraud as to, a proof of loss is a good defense where the policy provides for a forfeiture for so doing. Hartford Fire Insurance Co. v. Clark, 258 Ala. 141, 61 So.2d 19 (1952). Able counsel for both sides have cited cases to us and we have read several others which our extensive independent research has uncovered. All of those cases which have been issued upon the subject in this century concerned insurance policies which contained provisions for a forfeiture of the policy benefits in the event of misrepresentation as to material facts in a proof of loss. For a recent case with such a provision, see American Fire & Casualty Co. v. Archie, 409 So.2d 854 (Ala.Civ.App.1982).
We gather that the rule has been that there can be no forfeiture of the insured’s rights on account of a misrepresentation in a proof of loss if the policy itself does not authorize a forfeiture for that reason.
However, State Farm argues that section 27-14-28 applies. The 1971 revision of the Alabama Insurance Code sets forth a separate section as to misrepresentation in proofs of loss which reads as follows:
“No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured’s rights under the policy.”
§ 27-14-28, Code 1975.
We reiterate that we are aware of no Alabama case where that code section or similar sections in prior Alabama codes have been given any effect or field of operation in the absence of a fraud and false swearing provision in the insurance policy. From our study of the prior cases it appears that the historical purpose of the statute was to afford protection to insureds by prohibiting policy forfeitures under fraud and false swearing policy provisions except where the matter misrepresented in a proof of loss was material and was made with an actual intent to deceive. We find *119 nothing in the code section itself or in its prior Alabama code history to indicate that the legislature by enacting section 27-14-28 intended to create substantive rights to protect insurers and to depart from the prior purpose and rule which we have above outlined.
Since the policy in question did not contain any fraud and false swearing provision which authorized a forfeiture of the plaintiffs’ rights on account of their misrepresentations in the proof of loss, the learned and most respected trial court erred to a reversal in applying section 27-14-28 so as to forfeit and invalidate the plaintiffs’ rights under the policy.
REVERSED AND REMANDED.
All the Judges concur.