BEATTY, Justice.
We granted the petition for writ of cer-tiorari in this case to consider whether, in the absence of a “fraud or false swearing” provision in a contract of insurance, an insurer may, nevertheless, pursuant to § 27-14-28, Code of 1975, void that contract where it has been found that the insured made material misrepresentations *120 in the proof of loss with actual intent to deceive.
We set out the pertinent facts and procedural history of this case as stated in the opinion of the Court of Civil Appeals, 523 So.2d 117:
“Mr. Boyette and Martin Motors (plaintiffs) sued State Farm Fire and Casualty Company (State Farm) and the Monroe County Bank (bank). The plaintiffs sought $8,700 under an insurance policy issued by State Farm which insured an automobile belonging to the plaintiffs which was destroyed by fire. Evidently the bank was the assignee of a conditional sales contract as to the vehicle and was an insured under the policy. State Farm’s primary concern was that the insurance policy is void or the claims thereunder were defeated by reason of the plaintiffs’ misrepresentation of facts concerning matters material to State Farm’s rights under the policy. The trial jury answered a special interrogatory and thereby found that the plaintiffs made misrepresentations in their proof of loss with the intent to deceive as to a matter material to the insured’s rights under the policy. Pursuant to that finding, the trial court rendered a judgment that the rights of the plaintiffs under the policy of insurance were forfeited and invalidated pursuant to the application of section 27-14-28, Code 1975. Certain provisions were made in the judgment as to the bank which are not made issues on this appeal.
“Both before the trial and after the entry of the judgment the plaintiffs’ pleadings contended that the policy could not be forfeited on account of any misrepresentation in the proof of loss because there was no fraud and false swearing provision in State Farm’s policy. Those contentions were overruled. The plaintiffs appealed.”
Section 27-14-28 provides that “[n]o misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured’s rights under the policy.”
The Court of Civil Appeals reversed the judgment of the trial court, concluding that, based on its study of all of the prior cases that have dealt with § 27-14-28, “the rule has been that there can be no forfeiture of the insured’s rights on account of a misrepresentation in a proof of loss if the policy itself does not authorize a forfeiture for that reason.” That court further concluded that “the historical purpose of [§ 27-14-28] was to afford protection to insureds by prohibiting policy forfeitures under fraud and false swearing policy provisions except where the matter misrepresented in a proof of loss was material and was made with an actual intent to deceive” (emphasis added). Therefore, the Court of Civil Appeals held that “[s]ince the policy in question did not contain any fraud and false swearing provision which authorized a forfeiture of the plaintiffs’ rights on account of their misrepresentations in the proof of loss,” § 27-14-28 did not operate as the “authority” under which State Farm may void the plaintiffs’ policy. We respectfully disagree.
Without question, contracts of insurance must be construed in light of existing law. Indeed, statutory provisions respecting insurance are to be read into all insurance contracts subject to Alabama law, and, therefore, § 27-14-28 must be read into the automobile policy in question. General Mutual Ins. Co. v. Ginn, 283 Ala. 470, 218 So.2d 680 (1969). Accord, Thomas v. Liberty National Life Ins. Co., 368 So. 2d 254 (Ala.1979); State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974); Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883 (1931). There is no indication whatsoever from the language of § 27-14-28 that its field of applicability is intended to be limited to insurance contracts that contain specific and express provisions for voiding the contract where misrepresentations are made by the insured in the proof of loss. This Court’s construction of § 27-14-28 cannot be governed by the fact that, in all of the decisions dealing with this statute *121 and its predecessors, the insurance contracts involved contained express provisions for a forfeiture of the policy benefits in the event of misrepresentation as to material facts in a proof of loss.
We read § 27-14-28 as a clear statutory expression of the public policy of this state that, where an insured materially misrepresents to an insurer the proof of his loss with an intent to deceive, the insurer need not honor, and pay pursuant to, the contract of insurance. The statute, as worded, cannot be construed as a mere limitation on the enforceability of fraud and false swearing provisions that may appear in contracts of insurance.
Accordingly, the judgment of the Court of Civil Appeals is hereby reversed and the case remanded for an order consistent with this opinion.
It is so ordered.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., dissent.
ALMON, J., not sitting.